### ARMSTRONG v. WASSON.

No. 12241—Opinion Filed Nov. 6, 1923.

Rehearing Denied Nov. 27, 1923.

1. Fraud—Definition—Proof.

Fraud is a generic term which embraces all the multifarious means which human ingenuity can devise and are resorted to by one individual to get an advantage over another. No definite and invariable rule can be laid down as a general proposition defining fraud, as it includes all surprise, trick, cunning, dissembling and unfair ways by which another is cheated, and while fraud must be proved at law, in equity it suffices to show facts and circumstances from which it may be presumed.

2. Same—Cancellation of Deeds—Insufficiency of Evidence.

Evidence examined, and held insufficient to sustain the judgment of the court.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by Alice Wasson against John A. Armstrong. From a judgment in favor of plaintiff, defendant appeals. Reversed, with directions.

J. G. Ralls, for plaintiff in error.

Jas. H. Gernert, for defendant in error.

Opinion by RUTH, C. This was an action brought by Alice Wasson, defendant in error, plaintiff below, against John A. Armstrong, plaintiff in error, defendant below, to set aside, cancel, and hold for naught a certain deed to lands in Atoka county, and from a judgment for the plaintiff, defendant brings this cause here for review. For convenience, the parties hereto will be designated as they appeared in the court below.

The first question to be disposed of is the motion of the plaintiff to strike the brief of the defendant from the record for the reason that it does not specify any assignments of error and fails to comply with rule 26 of this court. An examination of the plaintiff's brief discloses that it sets out all the pleadings in the case, and although not having headlined the assignments under "Assignments of Error," nevertheless, the brief contains eight specifications of error and an argument and citation of authorities, and we think this substantially complies with the rule referred to, and the motion of the plaintiff will be overruled.

Upon this case being tried to the court, testimony was introduced by both the plaintiff and defendant, the substance of which follows: That Joshua Jones was the owner of certain lands in Atoka county, which consisted of a tract of 101 acres, and was also owner of a 30 acre tract in Carter county, near Ardmore, Okla.; that on the 17th day of June, 1920, John A. Armstrong secured a deed from Joshua Jones and his wife, Lucy Jones, covering lots 3, 5, and 12, section 6, township 1 south, range 14 east, of the Indian Base Meridian; containing 101.14 acres of land, which deed was filed for record on June 19, 1920, at 8 a. m., and Armstrong visited E. A. Newman a real estate dealer in Atoka, and put the property in Newman's hands for sale, and that Newman immediately interviewed C. B. Wasson, another real estate dealer in Atoka, and informed Wasson that he, Newman, had the Jones lands in Atoka county for sale, and asked Wasson if he could find a purchaser for it, and told Wasson it could be bought for $20 per acre, and Wasson told Newman he thought he could sell it for him. The evidence further shows that Armstrong discovered a mistake had been made in writing the deed and instead of it being section 6, the deed should have recited section 5, and upon discovering this, he obtained the deed from

the county clerk's office and immediately went to Boswell, Okla., where Joshua Jones and his wife lived, and there obtained the consent of both of them to change the 6 to 5 to correct the description of the property, and it was further shown that Joshua Jones owned no other real estate in that county.

Joshua Jones and his wife testified that they sold the lots in section 5 to the defendant Armstrong and received therefor $1,500, and that it was their intention to convey section 5 and not section 6, as they had no interests in section 6, nor in any other lands in that county. It is also shown that the deed, with this correction, was placed on record on June 24, 1920, in the county clerk's office for Atoka county, this date being shown by the regular stamp of the office, but the deed discloses that some one had, with pen and ink, written a 6 over the figure 4, making it appear that the deed was filed for record on June 24, 1920, at 1:30 p. m., although the figure 4 in red ink made by the regular stamp of the clerk was plainly visible.

It appears by the admission and testimony of Wasson that he was familiar with the location of the Jones land, and the section in which it was located in Atoka county, and that immediately upon getting word from Newman that he (Newman) had the land listed for sale, he, Wasson, sent a man to Boswell and there got Joshua Jones and brought him to Atoka in the night time. It does not appear from the evidence whether Wasson did or did not know there was a mistake in the description of the deed which should have recited section 5, but did in fact recite section 6, but certainly he lost no time in sending to Boswell and getting to Jones and getting a deed from Joshua Jones to the Atoka land, which he Wasson, testified was worth at least $2,000, but for which he only paid Joshua Jones $750, taking the deed in the name of his wife, Alice Wasson, and reciting in the deed that the consideration was $3,000. The deed from Joshua Jones to Alice Wasson was signed on the morning of the 26th of June, 1920, acknowledged by a notary public on that morning, and filed for record on the morning of June 26, 1920, at 8 a. m., but this deed from Joshua Jones to Alice Wasson was never signed by the wife, Lucy Jones, who testified that she never intended to sell the property to anyone but Armstrong, and this deed was placed on record at 8 a. m., on last said date, which hour would give it precedence of 5½ hours over the recordation of the Armstrong deed and would be persuasive, perhaps, upon this court, were it not for the fact that the regular filing mark on said deed of Armstrong had been altered by placing the figure 6 over the figure 4 made by the regular filing stamp of the clerk's office.

Wasson further testified he examined the records and found no conveyance, notwithstanding the conveyance from Joshua Jones to John A. Armstrong was recorded on June 19, 1920, but did not look under section 5, but did look under the Jones name, although he knew Jones had lots only in section 5, as he (Wasson) had had leases thereon. Wasson (no doubt upon discovering a mistake had been made in the section number) immediately phoned to Muskogee to ascertain if Joshua Jones' restrictions had been removed and received a telegram that they had; then sent Thompson hurriedly to Boswell and brought Jones over to Atoka at night in an auto, but did not get Lucy Jones, the wife; and on the way over Thompson talked to Jones about his surplus land; Jones having 30 acres of such land near Ardmore. Jones saw Wasson at 8 p. m., and signed some paper at 8 a. m., the next morning, and didn't know what he signed, as it wasn't read to him and he "was getting sleepy" (at 8 a. m.). Courts in this state are presided over by lawyers, as a rule, and the members of that profession are perhaps better acquainted with the methods adopted by unscrupulous men to obtain an advantage over their fellow men, and we have no hesitancy in saying that the evidence in this case discloses that the grossest fraud was attempted to be perpetrated upon Armstrong in this transaction and it is not necessary to determine in this action the question of the subagency of Wasson through Newman, as agent of Armstrong, to determine the equities in this action.

"Fraud is a generic term which embraces all the multifarious means which human ingenuity can devise, and are resorted to by one individual to get an advantage over another by false suggestions or by the suppression of the truth. No definite and invariable rule can be laid down as a general proposition defining fraud, as it includes all surprise, trick, cunning, dissembling and unfair ways by which another is cheated." Cooper v. Ft. Smith & W. R. Co., 23 Okla. 139, 99 Pac. 785; Vanwinkle v. Henkle, 77 Okla. 34, 186 Pac. 942; Reed v. Robinson, 83 Okla. 68, 200 Pac. 773.

"Fraud must be proved at law, but in equity it suffices to show facts and circumstances from which it may be presumed." Young v. Blackert, 51 Okla. 285, 151 Pac. 1057; Bottoms v. Neukirchner, 29 Okla. 104, 116 Pac. 434.

"A wide latitude is allowed in cases of fraud, and circumstances altogether inconclusive, if separately considered, may, by their number and joint operation, especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof." Wingate v. Render, 58 Okla. 656, 160 Pac. 614; Cooper v. Gibson, 69 Okla. 105, 170 Pac. 220.

This court having found gross fraud attempted to be perpetrated upon Armstrong by Wasson, who at least occupied a confidential relation of subagent of Armstrong, the judgment of the court, annulling and canceling the deed from Joshua Jones and wife to Armstrong, is reversed, with directions to the court below to enter judgment for the defendant on his cross-petition canceling and annulling the deed from Joshua Jones to Alice Wasson, and quieting title to lots 3, 5, and 12, section 5, township 1 south, range 14 east, in Atoka county, Okla., in the defendant Armstrong.

By the Court: It is so ordered.