[Civ. No. 5202. First Appellate District, Division One.—May 17, 1927.]

## CHARLES E. WELLS et al., Respondents, v. FRANK ZENZ et al., Appellants.

[1] FRAUD—DEFINITION OF—RULE.—No definite and invariable rule can be laid down as a general proposition defining fraud, as it includes all surprise, trick, cunning, and dissembling and unfair ways by which another is deceived.

[2] JUDGMENTS—PROCESS—PUBLICATION—FALSE AFFIDAVIT.—Where the false affidavit is presented to the court for the purpose of obtaining an order for the service of process by publication, this of itself is an act of fraud both upon the court and upon the party constructively served, and any judgment based thereon will be set aside in an action by the defendant constructively served against the plaintiff claiming the benefit of the judgment where no rights of innocent parties are involved.

[3] ID.—ABANDONMENT OF CHILD—ADOPTION—PUBLICATION OF CITATION—WHEREABOUTS OF PARENTS—FALSE AFFIDAVIT—FRAUD.—A judgment of abandonment of a child and a judgment of adoption predicated thereon will be set aside where service of the cita-

---

1. See 12 Cal. Jur. 705; 12 R. C. L. 230.

2. Vacating judgments for fraud, notes, 14 Am. Dec. 636; 60 Am. St. Rep. 649. See, also, 15 R. C. L. 766. Opening, setting aside and vacating decrees obtained by publication, note, 19 L. R. A. 817. See, also, 15 Cal. Jur. 19; 15 R. C. L. 704.

3. Grounds for vacating adoption decree, note, 17 Ann. Cas. 548. See, also, 1 R. C. L. 625.

tion by publication was based upon an affidavit which stated that the affiant knew of no other way or means in which to locate the parents of the child, and such affidavit was untrue in that it did not disclose that the parents could have been located through a forwarding address, of which the affiant was informed but did not mention in such affidavit, and that the affiant called on a person who informed her that she knew the whereabouts of the parents, and that affiant within a month of the time of filing such affidavit had been in communication with the mother of the child.

[4] FRAUD—HOW COMMITTED.—Fraud may be committed by the suppression of the truth as well as by the suggestion of falsehood; it may consist in suppression of that which it is one's duty to declare as well as in the declaration of that which is false.

[5] JUDGMENTS—ORDER FOR PUBLICATION OF SUMMONS OR CITATION—FALSE AFFIDAVIT—INTENT TO DEFRAUD—FINDINGS.—A false affidavit presented to the court to obtain an order for publication of a summons or citation is of itself a fraud perpetrated upon both the court and the party sought to be constructively served; and no finding of an intent to defraud on the part of affiant is necessary.

[6] ID.—ACTION TO SET ASIDE JUDGMENTS—FALSE AFFIDAVIT—ABANDONMENT OF CHILD—ISSUES—TRIAL—FRAUD.—In an action to set aside a judgment of abandonment of a child and a judgment of adoption predicated thereon, upon the ground that the judgments were procured through means of a false affidavit, the defendants may not complain that there is no evidence and no findings on the issues as to whether on a subsequent hearing the child would not be declared an abandoned child, where the sole question upon which the case was tried was that of fraud.

[7] ADOPTION — NATURE OF PROCEEDING — JURISDICTION.—An adoption proceeding is not an ordinary civil action; it is a special statutory proceeding; and the power of the court is a special power conferred by statute and is in derogation of the common law and repugnant to its principles; and one who claims a valid adoption must show that every requirement of the statute has been strictly complied with.

---

(1) 26 C. J., p. 1059, n. 2, 4.    (2) 34 C. J., p. 474, n. 83.   (4) 26 C. J., p. 1072, n. 23.    (5) 34 C. J., p. 497, n. 29.    (6) 4 C. J., p. 706, n. 99; 38 Cyc., p. 1969, n. 99.    (7) 1 C. J., p. 1383, n. 79.

4. See 12 Cal. Jur. 770.

7. Nature of adoption proceedings, note, 39 Am. St. Rep. 211. See, also, 1 Cal. Jur. 421; 1 R. C. L. 595.

APPEAL from a judgment of the Superior Court of Los Angeles County. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

George G. Hooper for Appellants.

Walter J. Little and Helen M. Randall for Respondents.

CAMPBELL, J., *pro tem.*—This is an appeal from a judgment setting aside the judgment of abandonment of the juvenile court and a judgment of adoption predicated thereon on the ground that the juvenile court was without jurisdiction in the premises for the reason that fraud was practiced on the juvenile court in that an order for the service of citation by publication in the abandonment proceedings was procured by means of a false affidavit of appellant Nina M. Zenz.

Respondents Charles E. Wells and Ada Wells are the parents of the minor child Elvira Wells and brought this suit in equity to set aside the judgments on the ground of fraud. The trial court found in favor of respondents and entered judgment accordingly.

Appellants urge in support of their appeal that there was no fraud and the evidence does not sustain a finding of fraud; that a court of equity will not do an idle thing and the findings do not support the judgment.

The court found that some of the facts set forth in the affidavit for publication made by appellant Nina M. Zenz upon which the order for publication of the citation was made were false and untrue in that she stated that she knew of no other way or means in which to locate the parents; that she called at the residence of respondents at 1132 North Evergreen Street, Los Angeles, but found respondents had moved therefrom; that the father left a forwarding address at the postoffice, giving the address where he moved; that Nina M. Zenz did not send a letter to the last known address of respondents; that Nina M. Zenz made inquiries of one Mrs. La Liberty of the Juvenile Protective Association of Los Angeles as to the whereabouts of respondents and understood that Mrs. La Liberty knew the address but that she did not feel that she could give her the new address for

personal reasons; that Nina M. Zenz could have cited Mrs. La Liberty into court to inquire further as to whether she knew the whereabouts of the parents but that she did not do so; that Nina M. Zenz did not set forth in her affidavit for publication of the citation the fact that she had communicated with Mrs. La Liberty concerning the whereabouts of respondents and that Mrs. La Liberty would not give her the address for personal reasons; that Nina M. Zenz did not do all she could have done to locate respondents; that she could have written to their last address and the letter would have been forwarded to them. In other words, appellant Nina M. Zenz in her affidavit set forth certain facts that were false and untrue, that is, that she knew of no other means than those set forth in her affidavit by which to locate the parents of the minor child she sought to have adjudged an abandoned child for the purpose of predicating thereon an application for adoption, when in fact she had knowledge of the fact that Mrs. La Liberty knew the whereabouts of respondents but refused to divulge their whereabouts to her because of personal reasons, and further that it was fraud knowing a somewhat recent address of respondents that she did not write them, as such letter would have been forwarded to them. These facts, which should have been made known to the court, were concealed from it.

Fraud is a generic term which embraces all the multifarious means which human ingenuity can devise and are resorted to by one individual to get an advantage over another. [1] No definite and invariable rule can be laid down as a general proposition defining fraud, as it includes all surprise, trick, cunning, dissembling, and unfair ways by which another is deceived. (*Armstrong* v. *Wasson,* 93 Okl. 262 [220 Pac. 643].) The statutes of California expressly provide that the suppression of a fact by one who gives information of other facts likely to mislead for want of communication of the fact concealed is deceit (Civ. Code, sec. 1710), and any other act fitted to deceive is actual fraud. (Civ. Code, sec. 1572.) [2] Where a false affidavit is presented to the court for the purpose of obtaining an order for the service of process by publication, this of itself is an act of fraud both upon the court and upon the party constructively served, and any judgment based thereon will be set aside in an action by the defendant constructively

served against the plaintiff claiming the benefit of the judgment where no rights of innocent parties are involved. (*Stern* v. *Judson*, 163 Cal. 726 [127 Pac. 38].)

[3] While the affidavit for publication of the citation is not contained in the record, the testimony shows, and it is not disputed, that appellant Nina M. Zenz did state in her affidavit that "she knew of no other means in which to locate said parents," and that she made no mention in her affidavit that the address of the parents was known by Mrs. La Liberty, of whom she inquired and by whom she was told that the whereabouts of the parents would not be disclosed to her for personal reasons, and in that conversation appellant Nina M. Zenz admits that she did not tell Mrs. La Liberty the reason she desired to locate respondents.

The evidence is undisputed that Mrs. Zenz was in telephone communication with respondent Mrs. Wells within a month of the time of filing the affidavit in question. The court should have been informed of this fact as bearing on the question as to whether or not due diligence had been exercised in an effort to locate the parents.

The facts that Mrs. Zenz had this telephone communication with Mrs. Wells within a month of the filing of the affidavit; that Mrs. Zenz had knowledge that Mrs. La Liberty of the Juvenile Protective Association of Los Angeles knew the whereabouts of the parents—which facts are undisputed—and that she concealed these facts from the court and instead of setting them forth in her affidavit stated in such affidavit that "she knew of no other way or means in which to locate said parents," together with the fact that no letter was mailed to the last known address, which if mailed would have been received by the parents, justified the trial court in finding that she set forth facts in her affidavit that were false and untrue and that she practiced a fraud upon the court. [4] As has been said, fraud may be committed by the suppression of the truth as well as by the suggestion of falsehood. It may consist in suppression of that which it is one's duty to declare as well as in the declaration of that which is false (12 Cal. Jur. 770). Had such facts known to appellant Nina M. Zenz and concealed by her been disclosed to the juvenile court, the court might well have concluded that it was not a proper case for constructive

service and that respondents by the exercise of due diligence could be personally served.

The facts in the case support the conclusion that appellant Nina M. Zenz practiced a fraud upon the court in withholding facts which should have been set forth in her affidavit. In *Dunlap* v. *Steere,* 92 Cal. 344 [27 Am. St. Rep. 143, 16 L. R. A. 361, 28 Pac. 563], the court says: "An affidavit of this character is always *ex parte*. The absent defendant is not present to impeach it, and if it is sufficient in form, the court cannot disregard it, but is compelled to accept its statements as true and make the order which is demanded. Under such circumstances a plaintiff who seeks to avail himself of the statutory mode for a constructive service of summons must exercise good faith in his representations to the court or judge. He must at least believe that the affidavit which he presents is true. The presentation of a wilfully false affidavit for the purpose of obtaining an order for service of the summons for publication is in itself an act of fraud." And in *Miller* v. *Higgins,* 14 Cal. App. 156 [111 Pac. 406], it is said: "The fraud practiced upon the court making the order of adoption in the case was the concealment from the court of facts affecting its jurisdiction. . . . Such concealment of facts affords grounds for relief in equity." While in *Miller* v. *Higgins* the concealment was the fact that another court had already assumed jurisdiction, yet the principle involved is the same.

[5] Appellants contend that there is no fraud in a case of this kind without an intent to defraud; that there is no such finding and that therefore the findings do not support the judgment. The court found that the affidavit upon which the order for publication of the citation was made set forth facts which were false and untrue. This is fraud *per se*. Where a false affidavit is presented to the court to obtain an order for publication of a summons or citation, this of itself is a fraud perpetrated upon both the court and the party sought to be constructively served. (*Stern* v. *Judson, supra.*)

[6] As to the point urged that a court of equity will not do an idle thing—that there is no evidence or finding that upon a subsequent hearing on the merits the child would not be declared an abandoned child, it is sufficient to

say that the sole question upon which the case was tried was that of fraud. Respondents did attempt to introduce evidence upon the question of abandonment and support to establish the allegations of their complaint, which was duly verified, setting forth that in December, 1917, plaintiff Charles E. Wells was about to join the army, and fearing that he would not have sufficient means to care for and support his wife and minor child he placed such child in the custody of his father, Fred Wells, under a written agreement wherein his father agreed to care for such child until she attained the age of six years; that his father cared for such minor child until September, 1920, when the child was by him placed in the custody of defendants, his father agreeing to pay defendants five dollars per week for the care of the child. This evidence was objected to by appellants as incompetent, irrelevant, and immaterial and not within the issues of the case, that there is only one issue in the case and that is fraud, and their objection was sustained. In sustaining the objection the court said: "I can't see any relation to the testimony of whether there was or was not an agreement. . . . I think I will sustain the objection on that point. I will permit any question that goes directly to the fact of the affidavit or the contents of it." Appellants are, therefore, not now in a position to complain that there is no evidence and no findings on these issues. If the evidence was immaterial as appellants contended, no finding thereon is required, as it is not necessary for the court to find on an immaterial issue.

The trial court proceeded only upon the question of fraud. Evidence upon all other questions, except in so far as it affected the question of fraud, under the objection of appellants was excluded as immaterial and accordingly no evidence was given concerning them.

[7] An adoption proceeding is not an ordinary civil action; it is a special statutory proceeding. The power of the court in adoption proceedings is a special power conferred by statute and is in derogation of the common law and repugnant to its principles, and one who claims a valid adoption must show that every requirement of the statute has been strictly complied with. (*Estate of Sharon,* 179 Cal. 447 [177 Pac. 283].)

We find no error in the record calling for a reversal of the judgment, and it is therefore affirmed.

Knight, Acting P. J., and Cashin, J., concurred.