## POSEY v. BRIXEY.

No. 18031.  Opinion Filed July 24, 1928.
Rehearing Denied Oct. 30, 1928.

R. D. Howe, for plaintiff in error.

Geo. S. Ramsey, Edgar A. de Meules, and Villard Martin, for defendant in error.

TEEHEE, C. Nancy Posey, hereinafter referred to as plaintiff, on August 10, 1926, filed suit against A. M. Brixey, defendant, to recover a balance of the purchase price for certain lands due and owing to her as grantor by the defendant as grantee, and to foreclose a vendor's lien on the property sold. In her petition, plaintiff, in substance, alleged that on April 19, 1919, she sold and conveyed the property by deed to defendant for a consideration of $24,000; that upon delivery of the deed defendant paid her thereon the sum of $400 and was to deposit the balance of the consideration to her credit in the First National Bank of Mounds, Okla.; that the defendant thereafter deposited on divers dates an aggregate sum of $11,965, which left remaining due and unpaid the sum of $11,635, in which amount defendant was indebted to her; that because of being a full-blood degree Creek Indian, with a want of understanding and knowledge of the English language, she was represented in the transaction by her son, who had informed her that the full consideration had been paid in accordance with her understanding of the transaction; that she did not know otherwise until she had her account at said bank investigated on May 29, 1926, when she discovered that the full consideration had not been paid, and that the defendant, without her authority, had as a part of the consideration, paid the sum of $7,500 to certain other parties; that though it was not

necessary, as she was advised by defendant, yet he required that her deed be approved by the proper county court as in the case of the conveyance of inherited Indian lands by a full-blood Indian heir, the property having been acquired by her will; that on the date fixed for approval another party appeared to bid on the property, but was informed by her son that the sale had been confirmed and the deed to defendant approved; that the said proceedings in the county court were in furtherance of a plan to defraud plaintiff, which was thereafter consummated through and by the aforesaid acts of defendant, and his failure to pay the full consideration. She prayed judgment against defendant for the unpaid balance and the sale of the property in satisfaction thereof.

Defendant answered by general denial, admitted the purchase, and alleged payment of the purchase price in full, and interposed a further defense in that plaintiff's alleged cause of action having accrued more than five years before the commencement of the suit, the same was barred by the statutes of limitation.

Plaintiff, by reply, denied the defense of repose and substantially reiterated her allegations of fraud, and, further, that in the transaction she confided in defendant's honesty and integrity and relied on his representations that the full consideration would be paid, which she later learned were false, and that her action was begun within legal time after discovery of the fraud perpetrated upon her by the defendant.

Upon hearing by the court, without the intervention of a jury, the court found upon defendant's demurrer to plaintiff's evidence that no fraud was established against the defendant, and that the action was barred by the statute of limitations, and thereupon entered judgment of dismissal of the suit at plaintiff's costs. From the judgment plaintiff prosecutes this appeal, and alleges, as error of the trial court, the sustention of the demurrer.

As the demurrer admitted the truth of the facts shown by the evidence, our notice of the admitted facts is necessary to a determination of the alleged error of the court in sustaining the demurrer. These, together with admissions in the record, were substantially as follows:

Plaintiff was a full-blood Creek Indian woman who had lived her allotted time of three score years and ten. She was unlettered and unversed in the language of the defendant, who was a white man, and untutored in the practical understanding

thereof and of commercial transactions. In her own mind, she thought she had sold her land for $1,000 to provide compensation for her attorneys in prior litigation involving the property, rather than for the sum of $24,000, the admitted consideration. She signed the deed by thumb mark on April 19, 1919, and at that time was paid by defendant $500. She was told by her son that the balance would be deposited to her credit in the First National Bank of Mounds, Okla. She was also informed that the money consideration had been so deposited to her credit in the bank by the defendant. She had inherited the property by will and was living thereon at the time of the sale. It was developed and productive of oil, from which she was then receiving oil royalty. As a precautionary measure, defendant had the deed approved by the proper county court, though he had informed plaintiff that this perhaps was not necessary. In the transaction, and in the county court, where she did not appear, she was represented by her son. On the day fixed for hearing of the petition for approval of the deed, another party appeared to bid on the property, but was informed that the deed had been approved and confirmed to defendant. On April 30, 1919, eleven days after the deed was signed and ten days before the approval thereof by the county court, $4,500 was deposited to plaintiff's credit in said bank, and on the day after the approval and to November 12, 1919, the date of the last deposit, $11,965.92 had been so deposited, all of which, as shown by the exhibit of the account, had been drawn out by her son. The balance then unpaid was $7,034.08. After the sale, plaintiff moved into another county to live, where her son remained until about three years before the filing of the suit, when he left her home. She had not heard from him since. Her two daughters had entertained suspicions that the transaction had not been conducted fairly. After the son left, one of the daughters came to live with and care for plaintiff, and from discussions had with the daughters, investigation of the transaction followed in May, 1926. Immediately thereafter plaintiff wrote defendant relative to the sale, but had no response. Plaintiff had relied on the honesty and integrity of defendant in the transaction, and believed that he would complete the same by deposit of the full consideration at the time of delivery of her deed, and so acted on that belief and believed the statements made to her that the full consideration had been paid, and did not know of the true state of the transaction until investigation thereof

in May, 1926. Within three months thereafter, plaintiff brought suit to recover the balance of the consideration and for foreclosure of her vendor's lien on the property. These facts the trial court held did not show fraud in the transaction on the part of the defendant, and that defendant's plea in bar of the action based on the statute of limitations was good.

Plaintiff's chief contentions against the action of the trial court are to the effect that because of the mental disparity of the parties, the plaintiff being illiterate and of recognized inferiority and the defendant of undoubted superiority, and plaintiff's faith and trust in defendant's honesty and integrity, which in the circumstances constituted a confidential relationship, the law imposed upon and exacted of defendant the utmost good faith and fairness without reservation in this transaction with the plaintiff, and that, as the evidence showed that the full consideraion had not been paid and no payments had been made thereon for about seven years of the filing of the suit, though plaintiff had been informed otherwise by her son, whereon she implicitly relied to her injury, the effect thereof is that defendant's intention to avoid payment in full was conceived at the time of the transaction and constituted a fraud on the plaintiff, and therefore, when called to account, the law would not permit him to take advantage of his failure to deal in perfect fidelity with plaintiff by interposing the statutory bar there against. There is force in these contentions, and when all fair and reasonable inferences of the admitted facts are indulged in favor of plaintiff (Thompson v. Davis, 124 Okla. 79, 254 Pac. 501), they appear to be fortified.

It is a rather singular fact in our juridical history that, though there have been numerous cases with a variety of phases which involved the divestment of the title to realty held or acquired as a final moiety of their once vast domain by those classified as memebrs of our Indian citizenry, no case identical in point of fact has been brought to our attention by diligence of counsel which may be considered decisive of the cause at bar. We may well observe that where commercial divestment of title has been involved, it has been the consistent rule of this court that the transaction would not be sustained without full satisfaction of the conscience of a court of equity. In that class of cases, it has been laid down repeatedly that:

"Fraud is a generic term, which embraces all the multifarious means which human

ingenuity can devise, and are resorted to by one individual to get an advantage over another by false suggestions or by the suppression of the truth. No definite and invariable rule can be laid down as a general proposition defining fraud, as it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated." (Reed v. Robinson, 83 Okla. 68, 200 Pac. 773), and that "the only boundaries defining it are those which limit human knavery."

In Armstrong v. Wasson, 93 Okla. 262, 220 Pac. 643, it is said that:

"While fraud must be proved at law, in equity it suffices to show facts and circumstances from which it may be presumed."

In Griffith v. Scott, 128 Okla. 125, 261 Pac. 371, wherein was involved the question of confidential relationship between vendor and vendee, this court employed language quoted approvingly from other authorities in Ewing v. Ewing, 33 Okla. 414, 126 Pac. 811, in part as follows:

"The term 'fiduciary or confidential relation,' as used in this connection, is a very broad one. It has been said that it exists, and that relief is granted, in all cases in which influence has been acquired and abused, in which confidence has been reposed and betrayed. The origin of the confidence and the source of the influence are immaterial. The rule embraces both technical fiduciary relations and those informal relations which exist whenever one man trusts in and relies upon another. The only question is, Does such a relation in fact exist?"

In 17 R. C. L. 884, par. 243, under the topic title of "Creditor Misled by Debtor," a variety of circumstances are enumerated with supporting adjudications, wherein a debtor who by his conduct or representations has lulled his creditor into security was held to be estopped to rely on the statute of limitations as a defense.

We think under the record as here presented, the cause at bar comes within the principle of estoppel above laid down. To hold otherwise would be unconscionable. In the language of another court (Missouri, K. & T. Ry. Co. v. Pratt, 73 Kan. 210, 85 Pac. 141, 9 Ann. Cas. 751):

"The ordinary rules of justice and fair dealing rebel at the suggestion. The facts furnish abundant reason for the application of the rule of estoppel to such conduct. We think this is a case where this rule should be applied. Cases may be found which are apparently opposed to this view; in fact, considerable conflict exists among the decisions concerning the general subject of changing the statute of limitations by agreement, waiver, and estoppel. Much of this confusion arises from the difference in statutes, and in the application thereof to particular cases. Very few can be found which, when closely examined, will be found to differ materially, in principle, from the view we have here taken."

We therefore hold that, in an action by a vendor against a vendee to recover the balance of the consideration money for realty and for foreclosure of a vendor's lien thereon, where it appears that the vendor is an aged, illiterate, non-English speaking, full-blood degree Creek Indian woman, with a plain want of understanding of the transaction, and the vendee by his demurrer to vendor's evidence admits that he has not paid the full consideration money under circumstances that show a want of fidelity on his part in the transaction sufficient to constitute fraud, as in this case, though the cause be barred as a law action on contract by two years under the first subdivision of section 185, C. O. S. 1921, but brought by the vendor within two years after discovery of nonpayment of the full purchase money under the third subdivision of said section 185, equity will interfere to prevent the vendee from reaping the benefit of the advantage thus unfairly gained and sought to be held under a defense based on the statute barring an action on contract after five years of the accrual of the cause.

From these considerations, it follows that the court erred in sustaining the demurrer. Accordingly, the judgment of the district court is reversed and the cause remanded, with directions to reinstate the cause and overrule the demurrer, and for such further proceedings not inconsistent with this opinion.

REID. LEACH. HERR, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.