## POSEY v. BRIXEY.

No. 20148. Opinion Filed Sept. 9, 1930

Withdrawn, Corrected, Refiled and Rehearing Denied Dec. 23, 1930.

R. D. Howe, for plaintiff in error.

Geo. S. Ramsey, Edgar A. deMeules, and Garrett Logan, for defendant in error.

EAGLETON, C. In 1919, Nancy Posey, a full-blood illiterate Creek Indian, for the sum of $24,000, sold to A. M. Brixey certain real property in Tulsa county, which she received by devise from Lydia Tiger, her aunt, the allottee.

In 1926, Nancy Posey filed suit against A. M. Brixey, alleging that the sale had been made and that the defendant Brixey had failed to make full payment therefor, that he had by fraud caused her to believe that the full purchase price had been deposited to her credit in her bank, that she had just recently learned that the full purchase price had not been paid, and that there was due thereon a balance of $11,625. She prayed for judgment for said sum, and that she be decreed to have a vendor's lien on said premises, and that the lien be foreclosed and the property sold to satisfy the judgment. Defendant, Brixey, filed answer admitting the purchase of the property for the sum of $24,000, alleged payment thereof, and pleaded the statute of limitations on the suit.

A demurrer to plaintiff's evidence was sustained in the first trial on the ground that the statute of limitations had run.

The cause was appealed to this court and was reversed, this court holding that, under the facts proved, the defendant would be estopped from relying on the statute of limitations as a defense to this character of action. Posey v. Brixey, No. 18031, 133 Okla. 98, 271 Pac. 230.

The cause was retried to the court without a jury. The court entered judgment for the defendant saying:

"I think the evidence clearly shows this man paid for this land, and the judgment will be for the defendant on the plea of payment."

The plaintiff in error in her petition in error sets forth seven grounds for reversal of the cause. However, in her brief she presents but one proposition, which is: The judgment is not sustained by the evidence. We have carefully examined the record, and are of the opinion that it fully sustains the judgment of the trial court.

The primary controversy herein was the question of payment of the purchase price of the land. Issue was joined thereon. It was a jury question. If there is any evidence reasonably tending to support the verdict and judgment, it will not be disturbed because of the insufficiency of the evidence. Where the jury is waived, the judgment of the court has like effect as the jury verdict. Thomas v. Westheimer, 87 Okla. 130, 209 Pac. 327.

Now, what does the record disclose? The plaintiff testified that she could not understand or talk English; that she thought she was selling this land for $1,000; that she was advised by her daughters, and those who had investigated the matter for her, that she had sold the property for $24,000, and that she had not received the money. Bank records show the payment of many thousands of dollars by Brixey to the bank to the credit of Nancy Posey. Though the record evidence is not fully satisfying and complete, the defendant testified positively that he had made full payment of the $24,000, and there was no evidence introduced by the plaintiff which satisfactorily refutes this testimony. The plaintiff signed the deed to the defendant, and also executed the release of the assignment of oil runs which had been given to her to secure the unpaid balance of the purchase price of this property after full payment thereof is claimed to have been made. Employees of the bank at which many of the payments were made and the final settlement was had corroborate at least to a degree the testimony of the defendant.

It appears that the plaintiff relied upon one of her sons to handle her business for her, and that she knew very little of what had been done. She apparently believes that she has not been fully paid, but has no evidence to sustain her complaint except her suspicion that she has not been fairly dealt with. It seems that this son of hers got the benefit of the moneys which were received. He was permitted to use her property, her money, and her bank account as he saw fit. She let him handle the business with a free hand. He departed for parts unknown some while before this suit was filed. The evidence of the defendant is not as full, complete, and satisfying as might be desired, but after it was proved that the plaintiff permitted the notes to be delivered to the defendant and that she released the assignment of oil runs which secured them, the burden was then hers to establish facts which would relieve her from the legal effects of those acts, and she failed to sustain this burden.

The cause is affirmed.

TEEHEE, HERR, LEACH, and HALL, Commissioners, concur.

By the Court: It is so ordered.