[Civ. No. 8927.   Third Dist.   Apr. 22, 1957.]

VERA ALLEN DAWSON, Appellant, v. ROBERT G. MARTIN, as Building Inspector, etc., et al., Respondents.

Vera Allen Dawson, in pro. per., and Mollie H. Minudri for Appellant.

Frederick W. Reyland, Jr., County Counsel (Stanislaus), William R. Mitchell, Assistant County Counsel, David G. Dunford and Clayton M. Ham, Deputy County Counsel, and Robert R. Elledge for Respondents.

VAN DYKE, P. J.—This is an appeal from a judgment of dismissal entered in an action for false arrest, false imprisonment, and malicious prosecution, after the sustaining of general demurrers without leave to amend.

The complaint is in three counts. All counts allege that respondent Martin is the Building Inspector of the County of Stanislaus and that the other individual respondents are members of the county board of supervisors. The first count alleges that on April 16, 1954, respondent Martin, acting as the agent and at the special instance and request of the other respondents, swore to a complaint which falsely charged appellant with two violations of the county building code and that as a result thereof the judge of the justice court issued a warrant under which the appellant was arrested and imprisoned by the sheriff. The second count contains like charges as to events occurring on April 21, 1954. Both counts allege that the respondents acted wantonly and with knowledge of the falsity of the charges made. ▮ It is clear that the first two counts attempt to set forth causes of action against the respondents for false arrest and imprisonment. They failed to do this because it affirmatively appears on the face of the complaint that the sheriff and not the respondents arrested and imprisoned the appellant. Although it is alleged the respondents instituted the proceedings, they are not liable for arrests made by the sheriff nor for any unlawful detention by that official after the arrest. Respondents' general demurrers to the first two counts of the complaint were properly sustained (Rest., Torts, § 37), and they could not be permissibly amended by leaving out the factual allegations concerning arrest and detention by the sheriff which allegations destroy the efficacy of the pleading to state a cause of action. (*Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358].)

The demurrers of the respondent county and respondent Martin to the third count of the complaint were likewise properly sustained without leave to amend. That count alleges malice, lack of probable cause and appellant's acquittal on the false charges made by the complaint of April 16th. ▮ So far as the county is concerned it enjoys absolute immunity

from suits for malicious prosecution and the defense need not be pleaded by answer, but may be taken advantage of by demurrer. (*Norton* v. *Hoffmann*, 34 Cal.App.2d 189, 194 [93 P.2d 250]; *White* v. *Towers*, 37 Cal.2d 727 [235 P.2d 209, 28 A.L.R.2d 636]; 2 Witkin, California Procedure, p. 1479.) ▮ Immunity from suit also extends to and protects the respondent Martin in the instant case in view of the affirmative allegations that in all that he did he acted as agent of the county and of its governing board of supervisors. (2 Witkin, California Procedure, *supra*; *White* v. *Brinkman*, 23 Cal.App.2d 307, 315 [73 P.2d 254].) As building inspector of the county it was part of his duty to bring charges for alleged violations of the county building code and he cannot be held liable in this action on a charge of malicious prosecution. (*White* v. *Brinkman, supra*, pp. 315-316.)

▮ The members of the board of supervisors were also entitled to the protection of official immunity unless liable under the specific provisions of section 25042 of the Government Code. Official immunity is shown by the allegations that in causing plaintiff's prosecution the board members acted officially as a board of supervisors. Since in that capacity they were charged with the general duty of upholding and requiring obedience to the county ordinances they were entitled to official immunity from acts based on charges of malicious prosecution.

▮ ". . . 'Duties of public office include those lying squarely within its scope, those essential to accomplishment of the main purposes for which the office was created, and those which, although only incidental and collateral, serve to promote the accomplishment of the principal purposes.' " (*White* v. *Towers, supra*, p. 733.)

Appellant contends that she has stated or by permissible amendment could state a cause of action against the board members under the provisions of Government Code, section 25042, which in material part provides as follows:

"Any supervisor who . . . fraudulently or corruptly performs any duty imposed on him . . . is . . . liable on his official bond to any person injured thereby for all damages sustained."

▮ Appellant argues that the actions charged to the board members by her pleading were fraudulent and corrupt. We do not agree. Returning to the pleading we find that in count 3 it is alleged that Martin, acting as the agent of the board members and at their special instance and request, wrong-

fully, falsely and maliciously and without probable cause charged appellant with violating the county building code. In the prior counts which charged false arrest and imprisonment it is averred that the board members knew these same charges were false. We must, therefore, consider that appellant could permissibly amend the third count to state the same allegations. If by such amendment the third count would state a cause of action under the Government Code section appellant should have been permitted to make the amendment and her complaint ought not to have been dismissed by an order sustaining the demurrers of the board members without leave to amend. Appellant argues that if the board members, although acting in the performance of their general duty, yet maliciously instigated her prosecution by causing Martin to make charges against her which they knew to be false they are guilty of violating the code section and are liable to her in damages. "Fraud" is defined in Webster's International Dictionary, second edition, as the quality of being deceitful, as deceit and trickery, as the means by which deceit is practiced, as in law an intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right; a false representation of a matter of fact intended to deceive another so that he act upon it to his legal injury. The same authority defines fraud in equity as including all acts, omissions or concealments by which one person obtains advantage in conscience over another or which equity or public policy forbids as being to another's prejudice; as acts in violation of trust and confidence, often called constructive fraud. In a broad sense the dictionary's definitions would fitly describe maliciously and with known falsity charging criminal action and thereby causing unjustified prosecution. Turning to the liability for corrupt conduct, we find the same authority defining "corruption" as impairment of integrity, virtue or moral principle and specifically as "inducement of a person by means of improper considerations to commit a violation of duty." Here again the broad language of the dictionary's definitions could be used to fitly describe the conduct complained of here. But we cannot believe that the Legislature intended to make members of boards of supervisors liable in damages on such broad and general grounds, there being no perceivable reason why they of all public officials entitled to official immunity should be singled out for such special statutory liability while other officials equally guilty enjoyed im-

munity from liability for malicious prosecution. On the contrary, we think the words "fraudulently" and "corruptly" were used in the narrow sense; that "fraudulently" refers to actionable fraud, whereby damage has been inflicted; and that "corruptly" connotes the specific meaning ascribed to the words by the dictionary, that is, conduct whereby one induces another by means of improper considerations to commit a violation of duty. We therefore hold that the trial court acted properly in sustaining the demurrers of the board members to the third count and in refusing leave to amend.

The judgment appealed from is affirmed.

Schottky, J., concurred.

PEEK, J., Dissenting.—I cannot agree with the interpretation which the majority places upon the words "fraudulently" and "corruptly" as used in section 25042 of the Government Code. It would appear to me that such construction, rather than following the well-established rule that "words in a statute should be given their ordinary meaning unless otherwise intended or indicated" (*Estate of Richartz*, 45 Cal.2d 292, 294 [288 P.2d 857]), adopts a narrow construction which is neither "intended" nor "indicated." Furthermore our courts have held that "the word 'fraudulently' is very broad in its meaning." (*People* v. *Simmons*, 12 Cal.App.2d 329, 332 [55 P.2d 297].) Again in *People* v. *Wisecarver*, 67 Cal.App. 2d 203, 207 [153 P.2d 778], it was held that "fraud may be committed by declaring to be true that which the declarant does not believe to be true; by suppressing a fact which he is bound to disclose; . . . (Civ. Code, § 1710; *Wells* v. *Zenz*, 83 Cal.App. 137, 140 [256 P. 484].) Moreover, any act fitted to deceive is actual fraud. (Civ. Code, § 1572.)" Thus it would appear to follow that since under the statute a supervisor is liable for "fraudulently or corruptly" performing any duty imposed upon him, and since absent any intention or indication to the contrary, "words in a statute should be given their ordinary meaning"; and since the word " 'fraudulently' is very broad in its meaning," and since, as is conceded by the majority, under such construction plaintiff's complaint could be amended to state a cause of action, then defendants' demurrer should not have been sustained without leave to amend.

It is true as the majority notes, public officials generally are entitled to official immunity from malicious prosecution. But

when the Legislature chooses to make an exception thereto by the enactment of a statute such as the one here in question, it is not the province of this court to attempt to rationalize a "perceivable reason" for the adoption of such a policy, but rather it is our duty to interpret the same as we would any other statute in accordance with the well-established rules of construction. The Legislature having so expressed itself, it appears to me that to apply such a narrow interpretation to the critical words "fraudulently" and "corruptly" as does the majority, is to write into section 25042 something which was never intended. I would reverse the judgment.

Appellant's petition for a hearing by the Supreme Court was denied June 19, 1957. Carter, J., was of the opinion that the petition should be granted.