[Civ. No. 27484. Second Dist., Div. One. May 18, 1964.]

Adoption of BABY BOY HERTZ, a Minor. PAUL ALVIN WINTON et al., Plaintiffs and Respondents, v. JOAN LENORE HERTZ, Defendant and Appellant; LOS ANGELES COUNTY BUREAU OF ADOPTIONS, Defendant and Respondent.

Warner, Sutton & Warner and Caryl Warner for Defendant and Appellant.

Rose, Leavitt & Fendler and David Keene Leavitt for Plaintiffs and Respondents.

Harold W. Kennedy, County Counsel, Jean Louise Tarr and Raymond W. Schneider, Deputy County Counsel, for Defendant and Respondent.

WOOD, P. J.—This is an appeal by Joan Lenore Hertz, the mother of the child, (1) from an order denying her petition for withdrawal of her consent to adoption, and (2) from the judgment of adoption. The appeal is upon the judgment-roll.

The child was born in a hospital in Los Angeles on April 3, 1962. On April 7 he was taken from the hospital to the home of Mr. and Mrs. Winton where he has remained since that time. On April 13 they filed their petition for adoption of the boy. On May 29, 1962, Joan Hertz signed a "Consent to Adoption," which stated in part that "having sole custody" of the child, she gave her consent to the adoption of the child by Mr. and Mrs. Winton. The consent was signed at the office of the Los Angeles County Bureau of Adoptions in the presence of an authorized agent of the bureau.

On September 27, 1962, Joan Hertz filed her petition for withdrawal of her consent to adoption, which petition stated in part that she "now desires to withdraw her consent for the adoption of said minor child for the reason that petitioner was emotionally upset when said consent was executed; that said consent was executed by petitioner by reason of undue influence, fraud and duress by divers persons, and under mistake of fact and law; and but for said facts, petitioner would not have executed said consent."

On November 26 the Los Angeles County Bureau of Adoptions, pursuant to section 226a of the Civil Code, filed its report regarding Joan Hertz's petition for withdrawal of consent. In that report the bureau recommended that the petition for withdrawal be denied, provided that the court found that the mother was not under duress when she signed the consent. Also on November 26, the bureau, pursuant to section 226, presented its report regarding the adoption petition of Mr. and Mrs. Winton. In that report the bureau recommended that the adoption petition be granted, provided that the court found that the consent was valid and should not be withdrawn.

The two petitions (for withdrawal of consent, and for adoption) were consolidated for hearing. The petition for withdrawal of consent was denied, and the petition for adoption was granted.

The order denying the petition for withdrawal of consent

stated, in part, as follows: On May 29, 1962, the mother, Joan Lenore Hertz, delivered to the Los Angeles County Bureau of Adoptions her consent to adoption, which consent was dated May 29, 1962, and was signed by said natural mother in the presence of an agent of said bureau, a licensed county adoption agency, on a form prescribed by such department. The mother was the only parent required by the laws of California to sign such consent. The court finds that said consent was fully and freely given; that when the mother signed the consent she was not acting under or by reason of undue influence, fraud or duress or mistake of fact or law; that withdrawal of the consent would not be reasonable in view of all the circumstances; and that the withdrawal would not be for the best interests of the child.

The decree of adoption stated, in part, as follows: The court finds that the said consent required by law under the facts of this case has been signed by the natural mother, Joan Lenore Hertz, who had sole custody of the said minor, and was fully and freely given and filed in the manner required by law; that said petitioners have executed in the presence of the court the requisite consent and agreement that the child shall be adopted and treated in all respects as their own lawful child should be treated, and the court being satisfied that the interests and welfare of the child (will) be promoted by the adoption proposed and that the petition should be granted; it is therefore ordered and decreed that said petition for the adoption of said minor is granted, and that said minor is now the adopted child of petitioners; and that the name of the child shall be Mark Alan Winton.

In the report of the Bureau of Adoptions filed November 26, 1962, pursuant to section 226 of the Civil Code, it was said: "The natural mother stated she had never been married." The mother (Joan Hertz) testified (in her deposition taken on November 2, 1962) that she had never been married, and that she had never gone through a marriage ceremony with a person "even though it might have been void."

There is no reporter's transcript in the record. It was stipulated that the original file of the superior court might be transmitted to and be considered by this court.

 Appellant contends that the court abused its discretion in denying her petition to withdraw her consent, and in granting the petition for adoption. She argues that the adoption proceedings were insufficient in that the record on appeal does not show that the father consented to the adoption,

or show that the child was illegitimate, or show that otherwise, under section 224[1] of the Civil Code, the father's consent was not required. She states that the consent of the father must be shown or excused, and that in this case the proceedings are silent as to those matters. She asserts further to the effect that since there was no finding with reference to illegitimacy, the order denying permission to withdraw consent is erroneous; and that since the decree does not recite illegitimacy, or recite abandonment, failure to support, or relinquishment to a placing agency (within provisions of said section 224), the decree is erroneous.

In *Adoption of Pitcher*, 103 Cal.App.2d 859, 864 [230 P.2d 449], it was said: "A proceeding for adoption is a special proceeding. [Citations.] In a special proceeding created by statute no written findings are necessary. [Citation.] A petition to withdraw consent filed in an adoption proceeding would, of necessity, be of the same character." In that cited case it was also said (p. 865): "We conclude that no written finding is required, particularly where the court withholds its approval of such withdrawal."

In the present case, in the order denying permission to withdraw consent, the court made findings, as above shown, that the mother was the only parent required by the laws of California to sign such consent; that her consent was freely given and she was not acting under undue influence, fraud, duress, or mistake of fact or law; and that the withdrawal would not be for the best interests of the child. Section 226 of the Civil Code provides, in part (with respect to consent by one of the parents): "Such consent, when reciting that the person giving it is entitled to the sole custody of the minor child, shall, when duly acknowledged before such agent, be prima facie evidence of the right of the person making it to the sole custody of the child and such person's sole right to consent." The consent to adoption, signed by Joan Hertz, states: "I, the undersigned, having sole custody of the above-named child, do hereby give my full and free consent to the adoption of said child. ..." As above shown,

---

[1]Section 224 of the Civil Code provides: "A legitimate child cannot be adopted without the consent of its parents if living; ... nor an illegitimate child without the consent of its mother if living; except that the consent of a father or mother is not necessary in the following cases: 1. When such father ... has been judicially deprived of the custody. . . . 2. Where such father . . . has deserted the child. . . . 3. Where such father ... has relinquished said child for adoption to a licensed or authorized child-placing agency. ..."

the report of the Bureau of Adoptions stated that Joan Hertz (the mother) said she had never been married. Also as above shown, the mother testified that she had never been married, and had never gone through a marriage ceremony. There is no reporter's transcript as a part of the record on appeal, and no question is presented as to the sufficiency of the evidence with respect to the finding that the mother's consent to adoption was freely given without undue influence, fraud, duress, or mistake. The court did not err in not making a finding regarding legitimacy or illegitimacy.

In the mother's petition to withdraw consent nothing was said regarding an alleged marriage, and no question was presented to the trial court concerning a marriage. Present counsel for appellant was not her counsel at the hearing in the trial court. In appellant's (the mother's) brief herein it is stated that she will offer to establish that she and the child's father entered into a proxy marriage in Mexico when appellant was 18 years of age (in 1952), and that the marriage has not been annulled. As above stated, the child was born in 1962.

Under the circumstances herein, the finding that the mother was the only parent required to sign such consent was an adequate finding with respect to the legal requirement as to consent.

The court did not abuse its discretion.

The order denying the petition for withdrawal of consent, and the judgment of adoption, are affirmed.

Fourt, J., and Lillie, J., concurred.