[Civ. No. 468. Fourth Appellate District.—August 6, 1932.]

THOMAS EDWIN GILL et al., Respondents, v. C. G. JOHNSON, as State Treasurer, etc., Appellant.

U. S. Webb, Attorney-General, and L. G. Campbell and James S. Howie, Deputies Attorney-General, for Appellant.

Barker & Keithly and Barker, Smiley & Keithly for Respondents.

HARDEN, J., *pro tem.*—This action was brought by plaintiffs Thomas Edwin Gill and Myla Ritzinger Gill to recover from the Torrens title assurance fund in the custody of the state treasurer the value of certain lands in Imperial County described in the complaint and registered pursuant to the act commonly known as the Torrens Land Transfer Act, under the claim that plaintiffs purchased said land in reliance upon a certificate of title issued by the registrar of titles of Imperial County.

On January 1, 1916, Friend J. Austin and Lettie M. Austin, his wife, were the owners of the land in question. On that day they executed and subsequently delivered to the Delta Land and Water Company, a Nevada corporation, a trust deed thereon to secure payment of $55,000 which they owed that company at that time. The trust deed was recorded in the office of the county recorder of Imperial County on March 30, 1916. On October 2, 1917, said Friend J. Austin and his wife filed in the Superior Court of Imperial County their petition setting forth that said trust deed had been fraudulently obtained by said Delta Land and Water Company, and praying the court to enter its decree to that effect and to order the registrar of titles of Imperial County to register the said land under said

Torrens Land Transfer Act. The default of the said Delta Land and Water Company was entered therein on December 5, 1917. On December 7, 1917, said court entered its judgment canceling said trust deed and ordering the registration of said land under said act. The registrar's certificate of title was issued on December 13, 1917, to Austin and wife in accordance with said order. Said default and judgment thereon were the result of fraud practiced by Austin in that he made a false showing of service of summons upon said Delta Land and Water Company. Said company was not served with process in said action. Transfer of the land was made by Austin and wife to Jasper Thomason; and on December 14, 1917, the registrar's certificate of title was issued to Thomason.

On February 8, 1918, the plaintiffs and Thomason entered into a contract which resulted in the sale of said property to plaintiffs. On February 13, 1918, the registrar's certificate of title on the land in question was issued to plaintiffs, showing them to be the owners thereof.

Suit was instituted by the Frances Investment Company, as assignee of the Delta Land and Water Company, in the United States District Court on February 15, 1918, to establish the validity of said trust deed for $55,000. Plaintiffs herein were made parties defendant in said action. Judgment was rendered therein sustaining the 'validity of said trust deed, which judgment was affirmed on appeal.

On August 10, 1928, plaintiffs brought this action pursuant to the provisions of said Torrens Land Transfer Act, upon the theory that they had been damaged through the operation of the provisions of said act. Judgment was entered herein in favor of plaintiffs and against defendant for the sum of $31,400, payable out of said Torrens title assurance fund. The defendant has appealed from said judgment.

Subdivision 2 of section 105 of said act (Stats. 1915, p. 1932) provides: "Any person who, without fraud or negligence on his part, is deprived of any interest or estate in land through the operation of any provision of this act or by reason of the fraud, forgery, negligence, omission, mistake or misfeasance of any person, and who is precluded from recovering such interest or estate, may commence an action in the superior court of the county in which the land

or a part thereof is situated, to recover not over the fair market value of the interest or estate of which he has been so deprived. . . . If such deprivation has been caused either wholly or in part by any person or persons other than such registrar or deputy registrar, while acting in the official performance of duty as such, such person or persons shall be joined as defendants with said state treasurer. In any such action said court shall have jurisdiction, . . . to determine the reason of such deprivation and to render judgment therein accordingly, either against said state treasurer alone or against him and all or any of the other defendants. In any action where there are defendants other than said state treasurer against whom judgment has been rendered, execution shall first issue against such other defendants and upon the return of such execution unsatisfied, either in whole or in part and upon it appearing to the satisfaction of the court that said execution cannot be satisfied out of the property belonging to such judgment creditors (debtors) other than said state treasurer, . . . said court shall make its order directing the payment of the amount due out of the assurance fund. . . . ''

■ One ground of demurrer to the complaint was that there was a defect and nonjoinder of parties defendant. In points and authorities filed in support thereof it was pointed out that, according to the allegations of the complaint, the detriment suffered by plaintiffs had been caused by fraud and that the person guilty thereof was a necessary party defendant. The demurrer was overruled. Respondents contend that the demurrer was insufficient to raise the question of a defect of parties defendant for the reason that it did not name Austin. The complaint names him and charges him with fraud, in that he filed a false showing of service of summons upon the Delta Land and Water Company, and alleges that as a direct result thereof the Superior Court of Imperial County was led to enter the judgment cancelling the trust deed and ordering the registration of the land. The demurrer refers to him as the person guilty of the fraud. The demurrer was sufficient to raise the question of a defect of parties defendant.

■ It is contended further by plaintiffs that Austin was not a necessary party for the reason that plaintiffs entered into no contract with him; that plaintiffs' only

dealings were directly with Thomason. It is not essential to the maintenance of an action for deceit that there should have been a contractual relation between the plaintiff and the defendant. (27 Cor. Jur. 16, citing cases; *Pasley* v. *Freeman,* 3 Term. Rep. 51, 100 Eng. Reprint, 450, is a leading case upon the subject.) Plaintiffs' present position obliges them to defend Austin and is inconsistent with the allegations of the complaint.

The question of whether Austin was a necessary party defendant depends upon whether the plaintiffs had a cause of action against him. ■ Where the question of who are necessary parties defendant is raised by demurrer, it is to be determined ordinarily by reference to the allegations of the complaint. However, where, as here, after the filing of a demurrer to the complaint on the ground of a defect of parties defendant appearing on the face of the complaint, the case has proceeded to trial and judgment, we may properly consider not only the allegations of the complaint but also the evidence to ascertain whether, by reason of any defect in parties defendant, the judgment is against law. ■ In this case the evidence follows the allegations of the complaint in respect to the fraud of Austin; but it goes further and establishes that Austin's fraud was the basis for all the grounds of complaint which plaintiffs possess.

It is provided by section 1711 of the Civil Code as follows: "One who practices a deceit with intent to defraud the public, or a particular class of persons, is deemed to have intended to defraud every individual in that class who is actually misled by the deceit."

Certainly Austin owed to the public the duty to refrain from crime and fraud. If Thomason and Austin acted in concert with the intention of defrauding plaintiffs, Austin would be answerable to plaintiff for damage proximately resulting therefrom; and if Austin's intention was to defraud Thomason or the public generally, he would be answerable to any member of the public who was actually defrauded as a proximate result of his wrongdoing. It is presumed that an unlawful act was done with an unlawful intent; and that a person intends the ordinary consequences of his own voluntary acts. (Sec. 1963, Code Civ. Proc.,

subds. 2 and 3.) We think plaintiffs' damage was a natural and probable consequence of the wrong.

Considering the proximate cause of an event to be "the efficient cause, the one that necessarily sets the other causes in operation" (*Aetna Fire Ins. Co.* v. *Boon,* 95 U. S. 117, 130 [24 L. Ed. 395]), or "that which, in a natural and continuous sequence, unbroken by any new, independent cause, produces that event, and without which that event would not have occurred" (*Baillargeon* v. *Myers,* 180 Cal. 504 [182 Pac. 37]; *Williams* v. *San Francisco etc. Ry. Co.,* 6 Cal. App. 715 [93 Pac. 122, 127]), we have no hesitancy in holding that the fraud on the part of Austin complained of in the complaint is shown to have been the efficient cause of the damage suffered. The allegations of the complaint and the evidence establish that it continued in an unbroken sequence to produce the event, and without which that event would not have occurred. The action of the court in entering the default judgment, in canceling the trust deed, and in ordering the registration of the land under the provisions of the Torrens Land Transfer Act, and the official acts of the registrar of titles in issuing certificates of title, first to Thomason and then to plaintiffs, were the results of Austin's initial fraud. Such acts were not new, independent causes which intervened to break the effect of the original wrong; they were harmonious consequences thereof. The false showing of service of summons and the records entered pursuant thereto constituted a continuous assertion by Austin to the public and to plaintiffs of that which was not true.

Without pursuing the question further, we hold that, according to the allegations of the complaint and the whole record, Austin owed the public and plaintiffs, as members thereof, the duty to refrain from fraud in respect to matters mentioned herein; that said duty was violated; that as a proximate result thereof plaintiffs were damaged; and that plaintiffs had a cause of action against Austin therefor. He was a necessary party defendant.

In some instances the failure to join a person as a party defendant in a suit would cause no prejudice to other defendants. Such is not the case here, where resort must be had to Austin for payment of any judgment to which plaintiffs are entitled before the assurance fund is properly

chargeable with payment thereof. The record shows the judgment to be against law, for the reason stated. The error in overruling the demurrer requires a reversal of the judgment.

The other points raised by appellant do not appear to us to be sustained. Owing to the decision reached, it is not necessary to consider them here in detail.

The judgment is reversed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 29, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 3, 1932, and the following opinion then rendered thereon:

THE COURT.—The petition for hearing in the Supreme Court is denied.

Our denial of the petition for transfer in this cause is based upon the ground that enough appears on the face of the proceedings to show that Austin is primarily liable for the loss suffered by respondents and that the Torrens title fund (Stats. 1915, p. 1932) may not be resorted to until an execution against Austin shall have been returned unsatisfied. It was the duty of the court to require the presence of Austin. (Stats. 1915, sec. 105, p. 1932; Code Civ. Proc., sec. 389; *O'Connor* v. *Irvine*, 74 Cal. 437, 442 [16 Pac. 236]; *Mitau* v. *Rodday*, 149 Cal. 1, 8 [6 L. R. A. (N. S.) 275, 84 Pac. 145]; *Lake* v. *Dowd*, 207 Cal. 290, 293 [277 Pac. 1047].)

We withhold our approval from that portion of the opinion which holds that the demurrer was sufficient in form.