[S. F. No. 14790. In Bank.—October 18, 1932.]

PARKER J. WITHERS, Petitioner, v. WILLIAM M. KERR, as Registrar of Voters, etc., Respondent.

O'Melveny, Tuller & Meyers for Petitioner.

Everett W. Mattoon, County Counsel, J. H. O'Connor and Fred M. Cross, Deputies County Counsel, and Clarence P. Wallick for Respondent.

THE COURT.—Mandate to compel the respondent as registrar of voters of Los Angeles County to omit from the ballot to be used at the ensuing general election the name of William E. Hinshaw as a candidate for representative in Congress for the eighteenth congressional district in California.

William E. Hinshaw was not a candidate for any office at the primary election of August 30, 1932. On September 29, 1932, he filed in the office of the respondent registrar nomination papers for the purpose of placing his name upon the general election ballot as an independent candidate for said office in the manner and form provided by section 1188 of the Political Code. These papers, upon examination by the registrar, were found to contain signatures of electors qualified to sign the same in excess of five per cent of the entire vote cast at the last preceding general election

in the territory comprising the eighteenth congressional district. The registrar so certified to the Secretary of State and in turn received from the Secretary of State a list of names, including the name of William E. Hinshaw for said office, to be placed on the general election ballot in said district.

The eighteenth congressional district was established by the legislature at its session in 1931 and comprises the sixty-ninth, seventieth and seventy-first assembly districts. (Stats. 1931, p. 297; sec. 117, Pol. Code, subd. 18.) This district was carved out of a portion of the old ninth congressional district without any change in precinct lines. It was therefore a comparatively easy matter for the registrar to check the nomination papers and determine whether the signatures attached thereto were of qualified electors sufficient in number in the territory or area comprising the present eighteenth congressional district.

■ Section 1188 of the Political Code provides that the signatures to be attached to independent nomination papers thereunder must be at least five per cent in number of the entire vote cast at the last preceding general election "in the state, district or political subdivision for which the nomination is to be made". It is the petitioner's position that since the old ninth congressional district was wiped out by the 1931 re-apportionment measure, no independent nominations for said office may be made in the new district because the latter was not in existence at the last general election. In order to uphold this contention it would be necessary to conclude that it was the intention of the legislature to abolish the right to independent nominations in new congressional districts, at the same time continuing the right in the district or districts whose boundaries had not been changed. This conclusion would not be justified unless compelled by some expression of legislative will to that effect, and we find none. ■ For the purposes of this proceeding it is enough to say that the term "district" may be considered as the equivalent of "area" or "territory". Without such construction it is fair to say that the proceedings to nominate Mr. Hinshaw were in substantial compliance with the statute. And with that construction a literal compliance would seem to have been accomplished.

The peremptory writ is denied.