[Civ. No. 1111. Fourth Appellate District.—July 11, 1935.]

THOMAS EDWIN GILL et al., Appellants, v. C. G. JOHNSON, as State Treasurer, etc., Respondent.

Barker & Keithly for Appellants.

U. S. Webb, Attorney-General, and L. G. Campbell, James S. Howie and R. S. McLaughlin, Deputies Attorney-General, for Respondent.

HARDEN, J., *pro tem.*—This is an action, as against the defendant C. G. Johnson, State Treasurer, to recover from the Torrens title assurance fund the value of certain land, upon a claim that plaintiffs purchased it in reliance upon a certificate of title issued by the registrar of titles of Imperial County. The case has been before this court on two former appeals. The decisions will be found in 103 Cal. App. 234 [284 Pac. 510] and 125 Cal. App. 296 [13 Pac. (2d) 857, 14 Pac. (2d) 1017]. In the latter decision is a recitation of facts forming the basis of the action.

After the decision on the last appeal, the complaint was amended by making Austin a party. Upon regular proceedings, and for failure to appear, judgment was taken against Austin by default on December 9, 1932, for $31,400. The action then proceeded to trial against the State Treasurer. At the close of plaintiff's case a demurrer to the evidence was interposed and a motion for nonsuit made upon the grounds: (a) that the evidence showed that plaintiffs were negligent, and therefore not entitled to recover under the Torrens Act; and (b) that the action was barred by the statute of limitations. At the close of defendant's case the court granted said motions upon the ground, as stated in a written decision incorporated into a minute entry, that the statute of limitations operated to bar the action.

The demurrer to the evidence is seldom interposed under our practice. A motion for nonsuit raises the same questions. (*Ringgold* v. *Haven,* 1 Cal. 108, 113; *In re Daly's Estate,* 15 Cal. App. 329 [114 Pac. 787].)

Subdivision 3, section 105, of the Torrens Act (Act 8589, Deering's Gen. Laws 1931) provides in part that "Actions for compensation out of the assurance fund under the

provisions of this act shall be commenced within four years from the time when the right of action accrued, or they shall be forever barred . . . '' It is admitted that the complaint was filed as against the State Treasurer within said four-year period and as against defendant Austin after the expiration thereof.

The action as against Austin is not an action for compensation out of the assurance fund. Said provision of subdivision 3, section 105, has reference only to the action as against the State Treasurer. It is therefore unnecessary to determine whether that statute is a true statute of limitations, or is that kind of statute which makes the institution of an action within a specified time a condition to the maintenance thereof. The Torrens Act does not create the right of action against Austin. In fact, it expressly provides that a complainant may sue for damages for tort independently of the provisions of that act. We think the statute of limitations applicable to the action as against Austin is section 338 of the Code of Civil Procedure. Austin had the right to waive the defense that the action against him was barred by the statute of limitations.

█ Respondent attempts to sustain the ruling upon the ground that defendant and the assurance fund occupy the position of surety toward Austin, and contends that a surety may successfully defend in a suit upon his contract of suretyship upon the ground that the cause of action has become barred by the statute of limitations, though the defense was not interposed by the principal. Such was the opinion of the trial court. Since the judgment was rendered the law on the subject has been clarified by the decision of *Gaffigan* v. *Lawton*, 1 Cal. (2d) 722 [37 Pac. (2d) 79], wherein it was held that the obligation of a surety remained notwithstanding the fact that the statute of limitations had run against the principal.

The action is not barred by the statute of limitations.

█ Notwithstanding the decision of the trial court turned upon an erroneous holding that the action was barred by the statute of limitations, if the judgment can be sustained upon any ground stated in the motion it is our duty to affirm it. This fact necessitates an examination of the decision of the federal court in the case of *Gill et al.* v. *Frances Investment Co.*, 19 Fed. (2d) 880. In that action the Frances Investment Company sued to establish the validity of the trust

deed which had been held to be invalid by the superior court of Imperial County. In said action Gill defended upon the ground that he was a *bona fide* purchaser for value. Both the District Court and the Circuit Court of Appeals held that he had notice of facts sufficient to put him on inquiry as to the existence of the trust deed and was therefore not a *bona fide* purchaser, and adjudged that said trust deed was valid. Said judgment gives rise to the defense interposed here that, by said holding that Gill was not a *bona fide* purchaser, the issue of his negligence in the present action, under the provisions of subdivision 2, section 105, Torrens Act, has been decided against him. It is practically conceded that said decision is not *res judicata*, the parties being different; but respondent stresses *stare decisis*. Other sections of said act are to be construed together with subdivision 2, section 105, for the purpose of ascertaining what will amount to fraud or negligence sufficient to warrant a denial of the right to resort to the assurance fund. By section 36 it is provided that "Except in case of fraud, and except as herein otherwise provided, no person taking a transfer of registered land, or any estate or interest therein, or of any charge upon the same, from the registered owner, shall be held to inquire into the circumstances under which, or the consideration for which, such owner or any previous registered owner was registered, or be affected with notice, actual or constructive, of any unregistered trust, lien, claim, demand, or interest; and the knowledge that any unregistered trust, lien, claim, demand, or interest is in existence shall not of itself be imputed as fraud." Section 34 contains a provision to the effect that "The registered owner of any estate or interest in land brought under said act shall, except in case of fraud to which he is a party, or of the person through whom he claims without value [valuable] consideration paid in good faith, hold the same subject only to such estates, mortgages, liens, charges and interests as may be noted in the last certificate of title in the registrar's office, and free from all others, except:" (the exceptions are not applicable here). While we do not question the holding of the federal court as between the parties and under the issues before it, the facts relied upon there to support the holding that Gill was not a *bona fide* purchaser do not suffice under our statute to justify our holding as a matter of law that he was guilty of negligence barring plaintiffs' right to prosecute

this action to recover from the assurance fund. There is no claim that he was guilty of fraud.

 The last paragraph of this court's decision upon the last appeal was "The other points raised by appellant do not appear to us to be sustained. · Owing to the decision reached, it is not necessary to consider them here in detail." Appellants contend that said quoted portion of the decision is a determination of the issue of Gill's negligence against respondent whereas respondent asserts said language was *obiter dictum*. Said former appeal actually turned on a holding that Austin was a necessary party to the proceeding. We have already shown that the decision of the federal court is not effective to bar plaintiffs from pressing the instant case by reason of the holding of that court that Gill was not a *bona fide* purchaser. The only other aspect of the question presented on the former appeal to which said quoted language could apply was the sufficiency of the evidence to justify the holding of the trial court that plaintiffs did not have "knowledge of facts sufficient to require them to make any inquiry or investigation concerning the title other. than such investigation as they made" (in effect that they were not negligent). A reversal of the judgment for nonjoinder of Austin as a party left the parties in the same position as they were prior to its rendition in the superior court. (*Garthwaite* v. *Bank of Tulare*, 134 Cal. 237, 243 [66 Pac. 326]; *Estate of Pusey*, 177 Cal. 367 [170 Pac. 846].) The question of plaintiffs' negligence is still open for the decision of the trial court.

The judgment is reversed.

Barnard, P. J., and Marks, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 5, 1935.