[L. A. No. 14071. In Bank.—July 20, 1936.]

LUCY B. VANDERVORT, Appellant, v. FARMERS AND MERCHANTS NATIONAL BANK OF LOS ANGELES et al., Respondents.

Young & Young, Milton K. Young and Wilbur D. Finch for Appellant.

Overton, Lyman & Plumb, Irving H. Prince and Cecil A. Borden for Respondents.

WASTE, C. J.—This is an appeal from a judgment for defendant entered upon the sustaining of a demurrer to the complaint without leave to amend. The action was brought to recover the sum of $15,000 paid by plaintiff in June, 1929, as the purchase price of a beneficial interest in a real estate trust of which the defendant, a national bank, was trustee. In the first count it is alleged that the interest which the bank transferred to plaintiff was void and hence valueless for the reason that the bank had not obtained a permit from the commissioner of corporations. In the case of *Fox-Woodsum Lumber Co.* v. *Bank of America Nat. T. & S. Assn. (ante,* p. 14 [59 Pac. (2d) 1019]), this day decided, we held that at the time of the sale of the beneficial interest here involved national banks were not subject to the provisions of the Corporate Securities Act. For the reasons

stated in that decision, it was not necessary for the defendant bank to have obtained a permit and plaintiff's contention to the contrary is without merit. The demurrer was properly sustained as to the first count.

The complaint contains a second count sounding in tort wherein plaintiff seeks to recover on the ground of fraud. We are satisfied with the disposition made of this count by the District Court of Appeal of the Second Appellate District, Division Two, when the cause was there pending, and we therefore adopt the following portions of its opinion:

■ "In the second cause of action the plaintiff does not allege any overt act of fraud upon the part of the defendant. The allegations of her complaint may be sufficient to state a cause of action against the parties who with her were engaged in the real estate transaction, to take care of which the trust was created, but under the allegations of the complaint the bank was merely the escrow holder and the trustee of said trust and it was not otherwise interested in the transaction. . . .

"As alleged in the complaint and the exhibits thereto, the transaction with the bank was a simple one for the creation of a trust in real property between the several owners thereof by which they vested their respective interests therein in the defendant bank as trustee. It is not alleged that the bank received any benefit whatever from the transaction other than the agreement on the part of the trustors to pay it the usual charge for acting in the capacity as trustee. There is a wealth of allegations alleging fraud against the other parties to the transaction who are not parties to this suit, having been sued in a prior action, but nowhere is there sufficient allegation of fraudulent conduct on the part of the bank or its trust officer in connection with the matter. Whenever fraud constitutes an element of a cause of action the facts must be alleged. (12 Cal. Jur. 800.) There must be an allegation among others that the false representations were made with intent to deceive the plaintiff or with intent to induce her to enter into the transaction. (12 Cal. Jur. 808, sec. 65, and cases cited.) There is no allegation in the complaint either of intent upon the part of the defendant to deceive the plaintiff or of an intent to induce plaintiff to act in the matter, and there are no allegations of facts and circumstances from which such

intent must necessarily be implied. Indeed, there are no allegations of false representations made by the bank. There are allegations that the plaintiff did not know certain facts connected with the transaction and that the bank did know said facts and failed to inform the plaintiff, but there is no allegation that the bank knew that plaintiff did not know, and there is no allegation directly or indirectly that it was the duty of the bank to inform the plaintiff of matters contained in her own agreements of which she and her confidential agent presumptively had full knowledge. The general demurrer should have been sustained to the second count. Neither is there any merit in the contention of the plaintiff that the contract is void for uncertainty.''

Judgment affirmed.

Curtis, J., Shenk, J., Seawell, J., and Thompson, J., concurred.