[S. F. No. 16648. In Bank. Aug. 19, 1942.]

CECILIA WENNERHOLM et al., Appellants, v. STANFORD UNIVERSITY SCHOOL OF MEDICINE (a Corporation) et al., Respondents.

714

Vincent W. Hallinan, Emmett R. Burns and Carey Van Fleet for Appellants.

Livingston & Livingston as amici curiae on behalf of Appellants.

Hester Webb, James D. Adams, John J. Healy, Jr., Cooley, Crowley & Supple, Charles V. Barfield, Hadsell, Sweet, Ingalls & Lamb, McCutchen, Olney, Mannon & Greene, Philip A. Ray and L. M. Bledsoe for Respondents.

GIBSON, C. J.—Plaintiffs appeal from a judgment entered in favor of defendants after an order sustaining defendants' demurrers to the fifth amended complaint without leave to amend. Plaintiffs' original and first four amended complaints charged the defendants with negligence. In these complaints it was alleged that the plaintiff, Cecilia Wennerholm, consulted her family physician in regard to her obesity and that he prescribed dinitrophenol for her on a written prescription which was filled by a pharmacy. While under the care of her physician, plaintiff took the drug, which was manufactured by one of the defendants. As a result thereof, it was alleged, she lost her sight. Plaintiffs charged that the defendants published statements in medical journals and elsewhere that dinitrophenol was harmless; that these statements were read and relied upon by plaintiff and her physician; that defendants knew or should have known of the dangerous character of the drug but negligently failed to disclose that fact; and that, by reason of the negligence, fault and want of care of defendants, plaintiff suffered the loss of sight of both her eyes.

The fifth amended complaint charges the defendants with fraud. It is alleged, in substance, that the defendants are in the business of manufacturing, distributing, selling and dispensing drugs and medicines for human use; that by means of articles in newspapers, medical journals, pamphlets and circulars disseminated to the public, these defendants falsely represented that the drug would relieve obesity, was harm-

less and could be taken internally by human beings, and that defendants knew that the drug was inherently dangerous to human life and liable to cause blindness. It is further alleged that defendants manufactured, sold and dispensed the drug throughout the state; that the plaintiff Cecilia Wennerholm read, believed and relied on the false representations; and that, in reliance thereon, she purchased and took the drug internally. The plaintiff husband, J. V. Wennerholm, also seeks recovery for moneys expended and indebtedness incurred by reason of his wife's injuries. General and special demurrers to the fifth amended complaint were sustained without leave to amend. No request was made for leave to amend and judgment was entered for defendants.

■ Although somewhat inartistically framed, the fifth amended complaint states a cause of action for fraud. Defendants contend it lacks an essential element of a cause of action because it does not specifically allege that the false representations were made with an intent to deceive plaintiff, citing *Harding* v. *Robinson,* 175 Cal. 534 [166 Pac. 808]; *Vandervort* v. *Farmers etc. Nat. Bank,* 7 Cal. (2d) 28 [59 P. (2d) 1028]. The intent to deceive sufficiently appears, however, by the facts alleged, from which it may be inferred that the alleged false statements were made with the intention of inducing the public to purchase the drug. One who intends to defraud the public, or a particular class of persons, is deemed to have intended to defraud every individual in the class who is actually misled. (Civ. Code, § 1711; *Gill* v. *Johnson,* 125 Cal. App. 296 [13 P. (2d) 857, 14 P. (2d) 1017].)

Defendants also argue that the allegation in the earlier complaints that the drug had been taken on prescription of a physician, which was omitted from the fifth amended complaint, must be read into the latter complaint. If this allegation is read into the complaint, defendants urge, it shows conclusively that plaintiff did not act in reliance upon the representations of defendants. ■ If any verified pleading contains an allegation which renders a complaint vulnerable, the defect cannot be cured simply by omitting the allegation, without explanation, in a later pleading. (See *Williamson* v. *Joyce,* 137 Cal. 151 [69 Pac. 980].) ■ If, however, the allegation that plaintiff took the drug on advice of her physician be read into the fifth amended complaint, it sufficiently alleges reliance by plaintiff upon defendants'

representations. ▆ In actions for fraud it is not required that a defendant's representations be the sole cause of the damage. If they are a substantial factor in inducing the plaintiff to act, even though he also relies in part upon the advice of others, reliance is sufficiently shown. (See *Elliott* v. *Federated Fruit & Veg. Growers*, 108 Cal. App. 412 [291 Pac. 681]; *Jones* v. *Elliott*, 111 Wash. 138 [189 Pac. 1007]; Prosser, Torts, p. 746; 23 Am. Jur. 946.) ▆ In this case there was no allegation in the earlier complaints that plaintiff relied solely upon the advice of her physician; in fact, it is alleged in the second amended complaint that "plaintiff and her said physician believed and accepted the recommendations of defendants . . . and relied upon the same and the said physician in reliance thereon, prescribed for plaintiff, and the said plaintiff in reliance thereon and upon the advice of her physician, formed upon such recommendation of the defendants, used said dinitrophenol." In the fifth amended complaint it is alleged that plaintiff "relying upon . . . the aforesaid representations of said defendants, and not otherwise, purchased and took internally" the said drug. Accepting this statement as qualified by the allegations with respect to the physician in the earlier complaints, it sufficiently alleges that plaintiff relied, at least in substantial part, on the representations of defendants. The mere fact that a physician prescribed the drug does not establish, as a matter of law, a lack of reliance on the part of the plaintiff which would absolve the defendants from liability. No cases have been cited to us which support the proposition advanced by defendants that in circumstances such as those alleged here a prescribing physician must accept sole responsibility for the treatment which he chooses for his patients. It seems to us a more reasonable view that one who manufactures and sells a drug dangerous to life and health, knowing it to be dangerous, should be liable where, as here alleged, both physician and patient rely upon the representations made concerning the drug.

▆ The ground of general demurrer principally urged by the defendants is that the cause of action is barred by the statute of limitations. This contention is based on the theory that the fifth amended complaint charging fraud states a new and different cause of action from that for negligence stated in the original complaint. Unless the amended complaint sets forth an entirely different cause of action from

the original, however, the amended complaint, for the purposes of the statute of limitations, must be deemed filed as of the date of the original complaint. (*Frost* v. *Witter,* 132 Cal. 421 [64 Pac. 705, 84 Am. St. Rep. 53]; *Work* v. *County Nat. Bank etc. Co.,* 4 Cal. (2d) 532 [51 P. (2d) 90]; *Jones* v. *Wilton,* 10 Cal. (2d) 493 [75 P. (2d) 593]; *Day* v. *Western Loan & Bldg. Co.,* 42 Cal. App. (2d) 226 [108 P. (2d) 702]; 16 Cal. Jur. 547; 34 Am. Jur. 211.) The modern rule, where amendment is sought after the statute of limitations has run, is that the amended complaint will be deemed filed as of the date of the original complaint so long as recovery is sought in each complaint upon the same general set of facts. (See *Frost* v. *Witter, supra; Stockwell* v. *McAlvay,* 10 Cal. (2d) 368, 375 [74 P. (2d) 504]; *Day* v. *Western Loan & Bldg. Co., supra;* Clark, Code Pleading, p. 514.) A mere change in legal theory will not subject the amended complaint to the bar of the statute of limitations. (See *Wells* v. *Lloyd,* 6 Cal. (2d) 70 [56 P. (2d) 517]; *United States* v. *Memphis Cotton Oil Co.,* 288 U. S. 62, 67 [53 S. Ct. 278, 77 L. Ed. 619].) In the present case the only substantial difference between the factual situations set forth in the original and the fifth amended complaint is that the former charged that the representations were negligently made while the latter charges that they were made with knowledge of their falsity. Despite the change in legal theory from an action for negligence to one for fraud, it cannot be said that an entirely different cause of action is stated. Therefore the latter complaint is not barred by the statute of limitations. Any contrary intimations contained in the cases of *Spellacy* v. *Young,* 44 Cal. App. 174 [186 Pac. 368], and *Lambert* v. *McKenzie,* 135 Cal. 100 [67 Pac. 6], relied upon by defendants, are inconsistent with the theory of the more recent cases cited above and should not be followed. It must be held, therefore, that the trial court improperly sustained the general demurrers to plaintiff's fifth amended complaint.

Various grounds of special demurrer also were advanced before the trial court. Defendants contend, relying upon such cases as *Haddad* v. *McDowell,* 213 Cal. 690 [3 P. (2d) 550], that plaintiffs' failure to request leave to amend requires that this court affirm the judgment of the trial court if any of the grounds of special demurrer is well taken. Where a complaint is sufficient against a general demurrer, however, and any uncertainties or ambiguities in the pleading

can be corrected by amendment, it is apparent that denial of leave to amend results in a disposition of the cause upon technical grounds alone. The plaintiff who has stated a cause of action in such a case is denied a trial on the merits of his action if any of the grounds of special demurrer is well taken, despite the fact that the deficiencies can be corrected. It has been held, under such circumstances, that denial of leave to amend constitutes an abuse of discretion even though it be conceded that the trial court had authority to sustain the special demurrer because of defects in the form of the pleading. (*Guilliams* v. *Hollywood Hospital,* 18 Cal. (2d) 97, 104 [114 P. (2d) 1]; *Olivera* v. *Grace,* 19 Cal. (2d) 570, 579 [122 P. (2d) 564]; and cases cited therein.)

It is true that the Haddad case, *supra,* and others (see *Aalwyn* v. *Cobe,* 168 Cal. 165 [142 Pac. 79]; *Consolidated R. & P. Co.* v. *Scarborough,* 216 Cal. 698, 706 [16 P. (2d) 268]; *Fitzpatrick* v. *Fidelity & Casualty Co.,* 7 Cal. (2d) 230 [60 P. (2d) 276]; *California Trust Co.* v. *Gustason,* 15 Cal. (2d) 268 [101 P. (2d) 74]), followed a judicially established rule of procedure which precluded an appellate court from considering whether denial of leave to amend constituted an abuse of discretion unless there was a special request by the plaintiff for leave to amend. This rule was eliminated as to future actions by the Legislature in 1939. Section 472c of the Code of Civil Procedure, which was added in that year, provides: ''When any court makes an order sustaining a demurrer without leave to amend the question as to whether or not such court abused its discretion in making such an order is open on appeal even though no request to amend such pleading was made; provided, however, that this section shall not apply to any pending action or proceeding.'' If this section were applicable to the present action, it would be necessary for us to hold that the trial court abused its discretion in denying leave to amend, since it is clear that plaintiffs could so amend their complaint as to state a proper cause of action. (Cf. *Guilliams* v. *Hollywood Hospital, supra,* p. 104.) But this cause was pending at the time the statute became effective, and thus it is one of a limited group to which the old rule can still be applied because of the express proviso of the statute.

We are convinced, however, that under the circumstances now existing, the rule in the Haddad case should be rejected as to cases pending when Code of Civil Procedure, section

472c was enacted. The provision that this section should not apply to pending proceedings was intended, we think, to avoid any problem of retroactive application rather than to codify an existing rule as to pending cases. The problem is one of procedure and there are no vested rights which would be impaired by a change in the applicable rule of law. Furthermore, since the rule of the Haddad case was judicial in its origin, there is no impropriety in our conclusion that it should no longer be followed. The fact that the Legislature saw fit to exclude pending cases from the operation of the statute does not prevent this court from modifying its rule so as to secure uniformity in procedure. We therefore hold that it was an abuse of discretion for the trial court to sustain the demurrer without leave to amend. We do not decide, however, that the complaint was not subject to special demurrer, and the trial court may in its discretion require the clarification of uncertainties or ambiguities in the complaint. (*Guilliams* v. *Hollywood Hospital, supra,* p. 104.)

The judgment is reversed.

Shenk, J., Curtis, J., Carter, J., and Traynor, J., concurred.

Respondents' petition for a rehearing was denied September 14, 1942.