[Civ. No. 17310.   Second Dist., Div. Three.   July 12, 1950.]

FRANCIS J. VOGT, Appellant, v. NATHAN R. LAZAR, Respondent.

Max Sisenwein and Henry Galen for Appellant.

Gendel & Raskoff for Respondent.

WOOD, J.—Plaintiff appeals from a judgment of dismissal entered upon an order sustaining a demurrer to his fourth amended complaint without leave to amend.

There were 14 alleged causes of action in said complaint. Defendant demurred generally and specially.   One of the

grounds of demurrer was that the alleged causes of action were barred by the "one-year period of limitation" of the usury law. The demurrer upon that ground was based upon the theory that the fourth amended complaint, which was filed about two years after the original complaint was filed, stated a different cause of action from the alleged cause of action in the original complaint.

It was alleged in the first cause of action of the fourth amended complaint that at all times mentioned therein plain-tiff was doing business under the fictitious firm name of Brooke-Banton, and defendant was doing business under the fictitious firm name of California Factors; on August 23, 1945, plaintiff entered into a written instrument with the defendant, a copy of which is attached to the original complaint and by reference is incorporated in the fourth amended complaint; on April 5, 1946, plaintiff entered into a written instrument with defendant, a copy of which is attached to the amended complaint and by reference incorporated in the fourth amended complaint; by the terms of said instruments plaintiff pur-portedly agreed to sell and defendant purportedly agreed to purchase accounts receivable; said instruments constituted a scheme on the part of defendant to evade the usury law; defendant prepared said instruments; at all times "during the existence of said instruments," and during the continu-ance of the "relationship" the plaintiff and defendant agreed that defendant would be entitled to a minimum rate of interest of 3 per cent for a period of 60 days; at all times during the existence of the relationship between the parties and in connection with every transaction thereafter set forth in the complaint the defendant charged and collected a minimum rate of interest of 3 per cent for 60 days on all moneys "loaned"; each loan made by defendant to plaintiff was secured by accounts receivable; plaintiff "was required and did pay" to the defendant the amount of each account which was not paid by the debtor of plaintiff before the expiration of 60 days from the date of assignment; defendant, as a part of said arrangement, loaned to plaintiff 79 per cent of the face amount of each invoice after deducting the trade dis-count and 3 per cent of the amount loaned, which represented interest; the terms and conditions for lending moneys to plaintiff by the defendant were in the same manner and upon the same basis on and after April 5, 1946, as they were during the period "commencing August 23, 1945, to April 5,

1946''; at the time the instrument of April 5, 1946, was signed the plaintiff and defendant agreed that the method of operation for lending money to the plaintiff was to continue and be the same as it was theretofore; the instruments ''heretofore referred to'' were signed by plaintiff at the direction of defendant for the purpose of making it appear that the transfers of accounts receivable constituted an agreement of purchase and sale, whereas in fact the understanding was that the accounts receivable were assigned as security and not by way of outright sale; plaintiff was required to sign said instruments ''as prepared by the defendant''; and one year had not elapsed at the time of filing this action since the payment of all or any of the usurious interest paid to the defendant. It was alleged further, in paragraphs XII and XIII, that during May, 1946, defendant loaned to plaintiff $47,017.09; plaintiff agreed with defendant that said loan would be repaid within 60 days; as a condition of making said loan the defendant charged plaintiff and accepted from plaintiff interest in the sum of $2,188.41; said interest charge was at a rate of interest in excess of 10 per cent per annum and was in excess of that allowed by the laws of this state; by reason of these premises defendant became indebted to the plaintiff for treble the amount of money so paid as interest.

The allegations of said first cause of action, except said paragraphs XII and XIII, were realleged in the next following ten causes of action (to and including the eleventh cause of action). The additional allegations in each of said ten causes of action were the same as the allegations in said paragraphs XII and XIII of the first cause of action, except that the allegations regarding a loan in May, 1946 were omitted, and in each of said ten causes of action it was alleged that in a particular other month (beginning with June, 1946, and continuing to and including March, 1947—ten months) a certain amount of money was loaned by defendant to plaintiff and a certain amount was charged and accepted by defendant as interest on said loan. The amount charged and accepted as interest, as alleged in each of said ten causes of action, was at a rate of interest in excess of 10 per cent per annum.

The twelfth, thirteenth, and fourteenth causes of action also included the allegations of the first cause of action, except paragraphs XII and XIII.

In the twelfth cause of action it was alleged further that in December, 1946, the defendant imposed an additional charge purportedly for postage in the sum of $3,079.57; said sum was paid to defendant; in fact defendant did not expend said sum for postage; said charge constituted additional interest for loans theretofore made.

In the thirteenth cause of action it was alleged further that in March, 1947, the defendant imposed an additional charge purportedly for postage in the sum of $478.12; said sum was paid to defendant; in fact defendant did not expend said sum for postage; said charge constituted additional interest for loans theretofore made.

In the fourteenth cause of action it was alleged further that during the period commencing May 1, 1946, and ending March 30, 1947, plaintiff assigned to defendant a total of $132,837.87 of accounts receivable; defendant retained as a reserve a sum equivalent to 21 per cent of said accounts receivable which amounted to $27,789.93; defendant has retained said sum for its own use and benefit, and defendant holds said money for the benefit of plaintiff; although due demand has been made on defendant for said sum no part thereof has been paid.

Plaintiff prayed for judgment for the sum of $20,033.60 (the total amount thereinbefore alleged to have been paid as interest), and that said sum be trebled and plaintiff recover from defendant the sum of $60,100.80 as treble damages; and that plaintiff have judgment for $27,789.93 upon the fourteenth cause of action.

The California Constitution limits the rate of interest upon "any loan or forbearance of money" to a rate not exceeding 10 per cent per annum. (Art. XX, § 22.) A person who has paid a greater sum as interest than is allowed to be received by law may recover in an action at law treble the amount so paid providing such action shall be brought within one year after such payment. (Stats. 1919, p. lxxxiii; Deering's Gen. Laws, 1937, Act 3757, § 3; *Milana* v. *Credit Discount Co.*, 27 Cal.2d 335, 339 [163 P.2d 869, 165 A.L.R. 621].) The original complaint was filed April 23, 1947. The fourth amended complaint was filed March 23, 1949.

█ Defendant (respondent) asserts that the fourth amended complaint relates to a new cause of action entirely foreign to the cause of action attempted to be pleaded in the original complaint. His argument is to the effect that since

the fourth amended complaint sets forth a wholly new cause of action, the date of filing that complaint (and not the date of filing the original complaint) is the date to be considered in determining whether the action was commenced within the year provided by the statute of limitations. A question to be determined is whether the fourth amended complaint states a new cause of action.

It was alleged in the original complaint that on August 23, 1945, plaintiff entered into a written agreement with defendant, a copy of which was attached thereto and made a part thereof; by the terms of said agreement plaintiff purported to have sold and defendant purported to have purchased accounts receivable for the consideration therein recited, payable at the time and in the manner therein set forth; pursuant to the provisions of said agreement and in accordance therewith the plaintiff on August 23, 1945, and on many dates thereafter to and including April 1, 1947, sold or discounted many accounts receivable to the defendant; notwithstanding the terms and conditions as recited in said agreement, the purported sales by plaintiff to defendant of the invoice accounts referred to in said agreement were not in truth or in fact sales but were loans which were made by defendant to plaintiff upon the condition that plaintiff pay a greater sum than that allowed to be received under the laws applicable to the payment of interest, to wit: a sum greater than 10 per cent per annum. It was alleged further, upon information and belief, that within one year "Immediately preceding the filing of this action, plaintiff has paid and the said defendant has received a sum of approximately $25,000.00 as interest," the exact amount being unknown to plaintiff at the time the complaint was filed, and that plaintiff asked leave of the court to amend and insert the true amount when ascertained at the trial; said sum of $25,000 was paid by plaintiff pursuant to the terms and conditions of said agreement and was received by defendant as interest for the loan of said money; said sum was in excess of the rate of interest permitted by the laws of California and the defendant became indebted to plaintiff in the sum of $75,000, which is treble the amount of money paid to defendant as interest. Also in the original complaint there was a purported cause of action for declaratory relief, and a purported cause of action for an accounting.

Defendant (respondent) argues further that plaintiff in his fourth amended complaint relied upon an agreement different from the one relied upon in the original complaint.

He asserts that in the original complaint a written agreement dated August 23, 1945, is incorporated therein and that $25,-000 was paid by plaintiff to defendant as interest pursuant to said agreement; and that the fourth amended complaint incorporates said written agreement, and also incorporates a written agreement dated April 5, 1946, and contains allegations. to the effect that neither agreement was intended by the parties to apply to their transactions but in fact the parties "agreed to a different arrangement."

It appears that, irrespective of the dates when the agreements were made, the allegations of the original complaint and the fourth amended complaint regarding interest were based upon the payment of interest during the year immediately preceding the filing of the original complaint (filed April 23, 1947). It was alleged in the original complaint that the approximate sum of $25,000 had been paid as interest "within one year immediately preceding the filing of this action." It was alleged in the fourth amended complaint that certain sums of money (totaling about $20,000) were paid as interest on loans made during each month from and including May, 1946, to and including March, 1947 (all of which months were within the year preceding the filing of the original complaint). In each of said complaints recovery is sought upon the same general set of facts. The fourth amended complaint did not allege a cause of action "foreign" to the cause of action alleged in the original complaint; nor did it allege a new and different cause of action. In the case of *Wennerholm* v. *Stanford Univ. Sch. of Med.*, 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358], wherein it was held that the trial court improperly sustained a general demurrer to plaintiff's fifth amended complaint without leave to amend, the court stated at page 717: "The ground of general demurrer principally urged by the defendants is that the cause of action is barred by the statute of limitations. This contention is based on the theory that the fifth amended complaint charging fraud states a new and different cause of action from that for negligence stated in the original complaint. Unless the amended complaint sets forth an entirely different cause of action from the original, however, the amended complaint, for the purposes of the statute of limitations, must be deemed filed as of the date of the original complaint. . . . The modern rule, where amendment is sought after the statute of limitations has run, is that the amended complaint will be deemed filed as of the date of the original complaint so long as recovery

is sought in each complaint upon the same general set of facts.'' The causes of action alleged in the fourth amended complaint were not barred by the statute of limitations.

Defendant contends that no cause of action for usury was stated in the fourth amended complaint, in that, it was not alleged that the principal had been repaid. That contention is not sustainable. It was alleged in paragraph VIII of the first cause of action as follows: ''Each loan made by the defendant to the plaintiff was secured by accounts receivable. Plaintiff was required and did pay to the defendants the amount of each account, which was not paid by the debtor of the plaintiff before the expiration of sixty (60) days from the date of assignment.'' That paragraph was incorporated by reference in each of the other 13 causes of action of the fourth amended complaint.

The contention that the fourth amended complaint does not state facts sufficient to constitute a cause of action is not sustainable.

Defendant also contends that plaintiff did not have legal capacity to sue, in that, plaintiff alleged he was doing business under a fictitious name and he did not allege compliance with sections 2466 and 2468 of the Civil Code. It may be stated generally that those sections require, as a condition to maintaining an action upon a transaction had under a fictitious name, the filing and publishing of a certificate of doing business under the fictitious name. It does not appear, however, that the pleading could not have been amended to include allegations showing compliance with said sections.

The judgment is reversed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied August 2, 1950.