758

F. E. HADLEY, Respondent, v. BERT ELLIS et al.,
Appellants.

Stephen P. Galvin for Appellants.

C. Ray Robinson, W. E. Craven and William B. Boone
for Respondent.

VAN DYKE, P. J.—On May 1, 1945, appellants, Bert
Ellis and Florence Ellis, as first parties, and respondent
Hadley, as second party, entered into a written agreement
whereunder they agreed to jointly associate themselves in
raising turkeys for the market. The agreement contained

provisions that fixed the term of the joint enterprise as ending December 15th of that year and declared that it could not be extended save by another instrument in writing. Nevertheless in October the parties orally agreed that they would raise turkeys during 1946. (At the trial of this case the evidence was in dispute upon whether this oral agreement adopted the terms of the written agreement as to the conditions under which the further enterprise would be conducted or whether different terms were then agreed upon.) The 1945 venture resulted in a profit which was ascertained as to amount and divided, one-half to the appellants and one-half to respondent, as stipulated in the written agreement. The parties raised turkeys in 1946, but in November of that year a disease struck the flock and a loss occurred. Respondent had throughout both seasons kept the books for the parties, and when the 1946 operation was completed he ascertained that there had been a loss of over $14,000. He demanded that the appellants pay him one-half that sum. According to the undisputed testimony of both sides, respondent was, during both years, obliged to furnish and had furnished all the capital necessary for the business. Likewise he was to be reimbursed for his expenditures before the net profits were ascertained. According to the written agreement, and respondent testified that the oral agreement adopted all the terms of the written agreement, the parties were to bear losses equally, if losses occurred. According to the testimony of appellants, the oral agreement provided they were to share equally with respondent, if profits were made; but if losses occurred respondent was to bear them alone. Upon this issue the trial court found with respondent. The court gave judgment against appellants for one-half of the ascertained loss. From that judgment they appeal.

The complaint filed by respondent when the action was begun made the written agreement a part of the complaint by reference thereto. It was alleged that on May 1, 1945, the parties to that agreement had thereby associated themselves together as joint enterprisers for the purpose of raising turkeys for the market. Further allegations set out the completion of the venture, referred to the provisions of the agreement that if losses occurred appellants were obligated to sustain one-half thereof, and stated that the business had been terminated and that a loss had been incurred. It was alleged that demand had been made that appellants pay to respondent one-half thereof and that this had not been done.

The prayer was for one-half of the sum alleged to have been lost. It is to be noted that the complaint did not specifically state that the loss had occurred during 1945, and, as we have seen, such was not the fact. Nevertheless, it would be a fair inference from the allegations of the pleading that the action was one to recover a loss occurring during 1945. When appellants answered they denied that a loss had been incurred in performance of the contract referred to in plaintiff's complaint and alleged on the contrary that a profit had been made which had been divided. As an affirmative defense, the answer further alleged that the contract referred to in the complaint had been fully performed and terminated, that it had not been renewed or extended, but that in October of 1945 the parties had orally agreed to engage in the business of raising turkeys during the season of 1946 under stipulations whereby respondent would furnish all the capital and appellants would furnish all the labor but would not be obligated to contribute any money or bear any expense.

Upon these pleadings and four years and 10 months after the action had been commenced the cause came on for trial. Of course it at once developed that no loss had been suffered in 1945 and that the parties had raised turkeys in 1946. When respondent undertook to prove the conditions under which the business had been conducted in 1946 and to prove that losses occurred, he was met with an objection that the matter was without the pleadings. He thereupon sought and obtained leave of court to introduce the testimony and thereafter to amend to conform to proof. This request was granted. The amendment made added to the complaint the following allegation:

"That on or about the 15th day of October, 1945, plaintiff and the defendants verbally agreed to continue to carry on and to conduct the business of raising turkeys . . . as set forth in said contract, attached hereto and marked Exhibit 'A' [being the same contract attached to the original complaint], for the additional period of One(1) year, and to and including the 15th day of December, 1946."

Respondent produced an accounting, taken from his books, of the operations of 1946, showing the loss alleged. Appellants did not challenge the accuracy of the account and the court found it to be correct.

Although stated in several ways, the contention of appellants on appeal is that the amendment introduced a new cause of action as to which the statute of limitations had run. If

their premise be true, that is, if a new cause of action was in fact brought in by the amendment, then this new cause was barred since it did not become a part of the pleading until more than four years and 10 months after the action was begun. However, we think that the premise is not sound.

To determine whether or not a new cause was brought in by the amendment we must consider the nature of the cause as first begun.

Respondent's complaint contained no allegations as to the matter of accounting, and as an action in equity by one partner against others for accounting and ascertainment of liability for losses his complaint was defective. ■ But it was also defective as an action at law, since where there has been a partnership operation, as respondent alleged there had been, and where there has been no accounting, an action at law will not lie. "As a general rule, an action at law will not lie in favor of one or more former partners of a dissolved partnership against other partners on a demand growing out of a partnership transaction until there has been a settlement of accounts and a balance struck." (68 C.J.S. p. 883, § 374.) There are some exceptions to this general rule, but this case does not come within them. (See 68 C.J.S. pp. 552-553, § 110; 40 Am.Jur., pp. 449-450, § 460, and pp. 464-465, § 486.)

■ Turning now to the facts shown as a basis for the amendment, we see that there had in fact been an accounting and settlement and distribution of profits from the 1945 operation; there had been no accounting as to the 1946 operations. The only cause of action, therefore, in fact existing and available to respondent as a ground of action was one seeking a final account and settlement of the joint enterprise which had been carried out and in which he and the appellants occupied the status of partners to and with each other. As we have said, this cause of action was defectively pleaded. Nevertheless, it was clear that the action was one whereby a former partner was suing the other members of the association for a sum of money which he claimed to represent one-half the amount of losses suffered in the transaction, the whole of which loss he had theretofore borne. Under such circumstances the court was fully justified in permitting the amendment to be made and that amendment did not introduce a new cause of action. As said in *Frost* v. *Witter*, 132 Cal. 421, 424-425 [64 P. 705, 84 Am.St.Rep. 53]:

". . . It is obvious that the unqualified way in which the rule is sometimes stated—i.e., that a new or different cause of action cannot be introduced by amendment—cannot be accepted. For the most common kinds of amendments are those in which complaints are amended that do not state facts sufficient to constitute a cause of action; and in these, and often in the case of new parties, a new cause of action is in fact for the first time introduced. All that can be required, therefore (to use the language of Mr. Pomeroy), is that 'a wholly different cause of action' shall not be introduced; or, as said by the court in *Shields* v. *Barrow, supra* [17 How. 144]; that.'a complainant [is not] at liberty to abandon the entire case made by his bill, and make a new and different case by way of amendment'; or 'to strike out the entire substance and prayer of his bill, and insert a new case by way of amendment'; or, as expressed by this court in an early case, the matter of the amendment must not be 'entirely foreign to the original complaint.' (*Nevada County etc. Canal Co.* v. *Kidd,* 28 Cal. 681.)"

Similarly, in *Stockwell* v. *McAlvay,* 10 Cal.2d 368, 375 [74 P.2d 504], it was said:

". . . The mere fact that a new cause of action is pleaded does not prevent the relation back of the amendment to the time of the original complaint. . . . It is only where the plaintiff seeks by amendment to recover upon a set of facts entirely unrelated to those pleaded in the original complaint."

In *Wennerholm* v. *Stanford Univ. Sch. of Med.,* 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358], the court held that an entirely different cause of action was not stated despite the fact that a fifth amended complaint alleged a cause of action for fraud while the original complaint was based on negligence. Said the court, at pages 717-718:

". . . Unless the amended complaint sets forth an entirely different cause of action from the original, however, the amended complaint, for the purposes of the statute of limitations, must be deemed filed as of the date of the original complaint . . . The modern rule, where amendment is sought after the statute of limitations has run, is that the amended complaint will be deemed filed as of the date of the original complaint so long as recovery is sought in each complaint upon the same general set of facts."

Applying the foregoing rules, we think it clear that, although defectively stated in the first complaint, the recovery sought in both the original pleading and in the pleading as

amended was upon the same set of facts, to wit, the termination of a joint enterprise consisting in the business of turkey raising during 1946, in which period, and in which period alone, a loss had been incurred and for which period, and for which period alone, there had not been an accounting and settlement of the partnership affairs.

The judgment appealed from is therefore affirmed.

Peek, J., and Schottky, J., concurred.