[No. A069744. First Dist., Div. Five. Dec. 21, 1995.]

ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW, Plaintiff and Appellant, v.
DEPARTMENT OF INDUSTRIAL RELATIONS, DIVISION OF LABOR STANDARDS ENFORCEMENT, Defendant and Respondent.

**COUNSEL**

Brian J. McCaffrey and Steve Bachmann for Plaintiff and Appellant.

H. Thomas Cadell, Jr., for Defendant and Respondent.

OPINION

KING, J.—

## I. INTRODUCTION

In this case we hold that California's minimum wage laws are not unconstitutional as applied to an organization whose purpose is political advocacy, because the compelling state interest in ensuring a minimum wage adequate to maintain a decent standard of living justifies any incidental infringement on the organization's First Amendment freedoms.

## II. BACKGROUND

The Association of Community Organizations for Reform Now (ACORN) is an Arkansas corporation whose purpose is to advocate for low- and moderate-income persons. ACORN employs workers in California, who recruit members for local community organizations affiliated with ACORN, promote ACORN's social agenda, circulate petitions, and solicit financial contributions. ACORN pays those workers in varying ways: some receive a straight salary, some receive a salary plus commission, and some receive a straight commission. Their compensation may not rise to the level of California's minimum wage, which is currently $4.25 per hour. (Cal. Code Regs., tit. 8, § 11000, subd. 2.)

ACORN filed the present action seeking a declaration that California's minimum wage laws are unconstitutional as applied to ACORN and an injunction against enforcement of those laws against ACORN.[1] The court sustained a demurrer without leave to amend and rendered a defense judgment.

## III. DISCUSSION

■ ACORN contends that California's minimum wage laws, while facially constitutional as supported by the compelling state interest of ensuring

---

[1] It is not entirely clear from the record that there is an actual, ripe controversy supporting declaratory relief. (See Code Civ. Proc., § 1060; *BKHN, Inc.* v. *Department of Health Services* (1992) 3 Cal.App.4th 301, 308 [4 Cal.Rptr.2d 188].) The complaint alleges that the state has forced ACORN to disclose information regarding compensation of its employees and to appear at hearings, and that the state "by its actions and statements has indicated . . . its view that California's labor laws are applicable to Plaintiff," but the complaint does not expressly allege any attempt by the state actually to compel ACORN to pay the minimum wage. In points and authorities supporting the demurrer, however, as well as in the respondent's brief on appeal, the state characterizes the complaint as alleging that the state has enforced the minimum wage laws against ACORN. This amounts to a waiver of any claim that the controversy is unripe.

wages adequate to maintain a decent standard of living (see *Industrial Welfare Com. v. Superior Court* (1980) 27 Cal.3d 690, 701 [166 Cal.Rptr. 331, 613 P.2d 579]), are unconstitutional as applied to ACORN because they restrict ACORN's ability to engage in political advocacy. According to ACORN, this adverse impact will be manifested in two ways: first, ACORN will be forced to hire fewer workers; second, its workers, if paid the minimum wage, will be less empathetic with ACORN's low and moderate income constituency and will therefore be less effective advocates.

Leaving aside the latter argument's absurdity (minimum wage workers are ipso facto low-income workers) as well as irony (an advocate for the poor seeking to justify starvation wages), we find ACORN to be laboring under a fundamental misconception of the constitutional law. ACORN evidently believes that a compelling state interest justifying an incidental infringement on First Amendment freedoms, while supporting the facial validity of a government regulation, cannot support the regulation *as applied*. Not so. The compelling state interest test is invoked in as-applied challenges as well as facial challenges to incidental limitations on First Amendment freedoms. (*Roberts* v. *United States Jaycees* (1984) 468 U.S. 609, 623 [82 L.Ed.2d 462, 474-475, 104 S.Ct. 3244] [compelling interest in eradicating discrimination against women justified application of antidiscrimination statute to United States Jaycees]; *United States* v. *O'Brien* (1968) 391 U.S. 367, 376-377 [20 L.Ed.2d 672, 679-680, 88 S.Ct. 1673] [compelling interest in ensuring functioning of military draft system justified application of anti-draft-card-burning law to O'Brien]; cf. *Hurley* v. *Irish-American Gay Group* (1995) 515 U.S. ___ [132 L.Ed.2d 487, 506, 115 S.Ct. 2338] [no showing of legitimate interest in applying antidiscrimination statute to require organizers of parade to include members of homosexual group among marchers].) Here, just as with a facial constitutional challenge, any incidental infringement on ACORN's First Amendment freedoms may be justified by "compelling state interests, unrelated to the suppression of ideas, that cannot be achieved through means significantly less restrictive of associational freedoms." (*Roberts* v. *United States Jaycees, supra*, 468 U.S. at p. 623 [82 L.Ed.2d at p. 475].)

In its reply brief ACORN concedes, as it must, that "California's wage and hours law promotes important societal interests." Those interests include the assurance of " 'a wage adequate to supply . . . the necessary cost of proper living and to maintain the health and welfare' " of employees. (*Industrial Welfare Com.* v. *Superior Court, supra*, 27 Cal.3d at p. 701, quoting former Lab. Code, § 1182, enacted Stats. 1913, ch. 324, § 6, pp. 634-635; see also *West Coast Hotel Co.* v. *Parrish* (1937) 300 U.S. 379, 393

[81 L.Ed. 703, 709-710, 57 S.Ct. 578, 108 A.L.R. 1330] [in employer-employee relations, Legislature has broad discretion to enact regulations "designed to insure wholesome conditions of work and freedom from oppression"].) Those interests support application of the minimum wage laws to ACORN, despite any incidental adverse impact on ACORN's political advocacy, no less than they support the laws' facial validity.

ACORN also contends the court should have granted leave to amend the complaint. The law on this point is well settled. ██ "If there is a reasonable possibility that the defect in a complaint can be cured by amendment, it is an abuse of discretion to sustain a demurrer without leave to amend. [Citation.] The burden is on the plaintiff, however, to demonstrate the manner in which the complaint might be amended. [Citation.]" (*Hendy* v. *Losse* (1991) 54 Cal.3d 723, 742 [1 Cal.Rptr.2d 543, 819 P.2d 1]; accord, *Cooper* v. *Leslie Salt Co.* (1969) 70 Cal.2d 627, 636 [75 Cal.Rptr. 766, 451 P.2d 406] [appellant "must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading"]; *Martin* v. *Thompson* (1882) 62 Cal. 618, 622.)[2] ACORN has not met this burden, saying nothing about how it would propose to amend the complaint to state a cause of action. No error is demonstrated.

## DISPOSITION

The judgment is affirmed.

Peterson, P. J., and Haning, J., concurred.

---

[2] A recent decision states that where "a demurrer is sustained to the *original* complaint, denial of leave to amend constitutes an abuse of discretion if the pleading does not show on its face that it is incapable of amendment." (*California Federal Bank* v. *Matreyek* (1992) 8 Cal.App.4th 125, 130-131 [10 Cal.Rptr.2d 58], original italics, citing *King* v. *Mortimer* (1948) 83 Cal.App.2d 153, 158 [188 P.2d 502].) This rule, however, is peculiar to cases where a complaint is good as against a general demurrer for failure to state a cause of action but is subject to a special demurrer for uncertainty or ambiguity in the pleading; in such cases the plaintiff must be given an opportunity to clarify the uncertainty or ambiguity unless the pleading shows on its face that the defect cannot be cured. (E.g., *Columbia Pictures Corp.* v. *DeToth* (1945) 26 Cal.2d 753, 758, 762 [161 P.2d 217, 162 A.L.R. 747]; *Wennerholm* v. *Stanford Univ. Sch. of Med.* (1942) 20 Cal.2d 713, 718-719 [128 P.2d 522, 141 A.L.R. 1358]; *King* v. *Mortimer, supra*, 83 Cal.App.2d at pp. 158, 163.) Where, as here, the complaint falls to a general demurrer, this special rule does not apply, and the burden remains on the appellant to demonstrate how the complaint might be amended.